NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0339n.06
Filed: May 15, 2007

**Nos. 06-1192 and 06-1657**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| ERIC CARLYLE DEAN and ELIZABETH DEAN, | ) ) ) | |
| Plaintiffs-Appellants, | ) ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR |
| V. | ) ) ) | THE EASTERN DISTRICT OF MICHIGAN |
| CITY OF BAY CITY, MICHIGAN, ROBERT V. BELLEMAN, and JAMES PALENICK, | ) ) ) ) ) | |
| Defendants-Appellees. | ) | |

Before:     **MERRITT and MARTIN, Circuit Judges; FORESTER, Senior District Judge.**[*]

**KARL S. FORESTER, Senior District Judge.** The Plaintiffs-Appellants, Eric Carlyle Dean and

Elizabeth Dean, filed a civil rights complaint against the defendants alleging constitutional violations

and various state law claims based upon the alleged wrongful termination of Eric Dean's

employment. After the filing of the defendants' motions for summary judgment, the Deans sought

to amend their Complaint to assert additional claims, including a claim under Title I of the

_____

[*]The Honorable Karl S. Forester, Senior United States District Judge for the Eastern
District of Kentucky, sitting by designation.

1

Americans with Disabilities Act, 42 U.S.C. § 12111 (hereinafter the "ADA"). The district court subsequently granted the defendants' motions for summary judgment, denied the Deans' motion to amend, and judgment was entered in favor of the defendants. Thereafter, the Deans moved the court to reconsider dismissing their claims and for leave to amend their Complaint to add a claim under Title II of the ADA. The district court denied the Deans' motion to reconsider. This appeal followed.

## I.       FACTUAL AND PROCEDURAL BACKGROUND

On July 10, 2000, Eric Dean was hired as Director of Power & Technology for the City of Bay City, Michigan. As Director of Power & Technology, Dean served as a department head with oversight authority of Bay City's electric power supply. Dean reported directly to Bay City Manager James Palenick.

Over the course of the next year, Palenick developed significant concerns regarding Dean's abilities to administer the department, manage employees, and oversee Bay City's electric power supply. When Dean returned to work after undergoing a gastric bypass operation in November 2001, Palenick and others noticed that Dean's cognitive thinking, lucidity, and thought process was slowed, that he dozed in and out of consciousness at staff meetings, spoke with a slow, slurred speech, and failed to respond coherently to questions posed by supervisors. An extensive performance evaluation of Dean dated July 27, 2002 revealed a litany of specific job performance deficiencies. As a result, Palenick hired a private investigations firm to conduct a background investigation and employee productivity surveillance of Dean. Before completion of the investigation, however, Palenick was terminated as City Manager on August 5, 2002.

Robert Belleman was hired to replace Palenick as City Manager on August 9, 2002.

2

Surveillance against Dean continued, and revealed no evidence that Dean used alcohol or drugs during his employment with Bay City. Another performance evaluation of Dean was completed on November 21, 2003. This evaluation also noted Dean's failure to adequately perform his job duties. On November 24, 2003, Belleman terminated Dean's employment, citing poor job performance and the unprofitability of the electric utility as the reasons for his termination.

A grievance hearing was held on December 8, 2003. Dean advised that he had nothing to present and wanted the matter to go to arbitration. On April 7, 2004, Dean withdrew from arbitration. This civil rights action was subsequently filed pursuant to 42 U.S.C. § 1983 on May 3, 2004. In their Complaint, the Deans allege that Eric Dean was terminated in retaliation for engaging in protected speech under the First Amendment and in violation of his procedural due process rights under the Fourteenth Amendment. The Complaint also asserts state tort and breach of contract claims. The named defendants, the City of Bay City, Michigan, Robert Belleman, and James Palenick, filed their answers denying the Deans' claims.

Discovery soon commenced and revealed to the defendants that Dean had a problem with alcohol and prescription pain pills during his employment. At the conclusion of the discovery period, the defendants filed their motions for summary judgment. Before the district court ruled on the motions for summary judgment, the Deans filed a motion to amend their Complaint to assert claims for invasion of privacy, violation of Title I of the ADA, and wrongful discharge. On October 28, 2005, the district court denied the Deans' motion to amend on the grounds it was untimely and the amendment would be futile.

Then, on December 30, 2005, the district court dismissed, with prejudice, the Deans' constitutional claims against Bay City and Belleman. The district court declined to exercise

supplemental jurisdiction and dismissed without prejudice the Deans' state law claims against Bay City, Belleman, and Palenick. On January 9, 2006, the Deans filed a motion for reconsideration seeking reconsideration of the district court's order entering judgment in favor of the defendants and denying the Deans' motion to amend the Complaint, and for the first time seeking to amend their complaint to add a claim under Title II of the ADA. On January 13, 2006, the Deans filed their notice of appeal regarding the district court's order granting the defendants' motion for summary judgment, but not the district court's order of October 28, 2005 denying the Dean's motion to amend. The district court, on February 16, 2006, denied the Deans' motion for reconsideration.

On April 11, 2006, the Deans filed a motion seeking an extension of time to file an amended notice of appeal to challenge the district court's denial of its motion for reconsideration. On April 21, 2006, the district court granted the Deans' motion to extend time to file an amended appeal. An amended notice of appeal was filed on April 24, 2006 challenging the district court's December 30, 2005 order and judgment and the February 16, 2006 order denying the motion for reconsideration.

## II. JURISDICTION OVER THE DEANS' APPEAL

Before turning to the merits of the Deans' appeal, this Court must first address whether it has jurisdiction over this matter. The Federal Rules of Appellate Procedure require litigants in civil cases to file a notice of appeal "with the district clerk within 30 days after the judgment or order appealed is entered." Fed. R. App. P. 4(a)(1)(A). This 30 day period, however, is tolled by certain post-decision motions, including a motion for reconsideration, provided the tolling motion is filed within 10 days after entry of the judgment. Fed. R. App. P. 4(a)(4); *see also Myers v. Ace Hardware, Inc.*, 777 F.2d 1099, 1103 (6th Cir. 1985). In this case, the district court entered its Opinion and Order and judgment on December 30, 2005 and the Deans filed a timely notice of appeal on January

4

13, 2006. However, prior to filing their notice of appeal, the Deans filed, on January 9, 2006, their motion for reconsideration of the district court's entry of judgment in favor of the defendants and denial of the Deans' motion to amend the complaint to add a claim under Title II of the ADA. The notice of appeal was filed after the court entered a judgment, but before the court disposed of the motion for reconsideration; therefore, the notice of appeal becomes effective on the date the district court denied the Deans' motion for reconsideration - February 16, 2006. *See* Fed. R. App. P. 4(a)(4)(B).

Because the order denying their motion to reconsider was entered on February 16, 2006, the Deans had thirty days from February 16, 2006 to file an amended notice of appeal of that order.[1] Fed. R. App. P. 4(a). Although the Deans failed to file an amended notice of appeal within this thirty day period, they did file a motion for extension of time to amend their appeal to include the district court's denial of their motion to reconsider on April 16, 2006. Under Rule 4(a)(5), the district court may extend the time to file a notice of appeal by thirty days if a party files a motion for extension of time no later than thirty days after the time prescribed for filing a notice of appeal, provided the party shows excusable neglect or good cause. Fed. R. App. P. 4(a)(5). In this case, the Deans' motion for extension of time to amend their appeal was filed within the prescribed sixty day period and the district court found good cause for the delay based on recent events in related litigation. The district court thus granted the Deans' motion, and ordered that an amended notice of appeal be filed

---

[1] Defendant Palenick argues that the Deans' motion for reconsideration and notice of appeal are untimely with respect to the district court's October 28, 2005 order denying their motion for leave to file an amended appeal. However, the denial of a request for leave to file an amended complaint is not immediately appealable. *Marathon Petroleum Co. v. Pendleton*, 889 F.2d 1509, 1511 n.11 (6th Cir. 1989). Only after entry of final judgment does such a non-final ruling become appealable. *McLaurin v. Fischer*, 768 F.2d 98, 102 (6th Cir. 1985).

on or before May 3, 2006. The Deans' amended notice of appeal was filed on April 21, 2006. Accordingly, this court has jurisdiction to hear the Deans' appeal of the district court's orders of December 30, 2005 and February 16, 2006.

### III. THE DISTRICT COURT'S DECISION TO DENY LEAVE TO AMEND IS AFFIRMED ON ALTERNATIVE GROUNDS

The Deans originally brought this wrongful termination action alleging various federal and state law theories. However, after discovery revealed evidence of Eric Dean's alcoholism and drug dependence, the Deans attempted to assert, *inter alia*, an additional wrongful termination theory under the ADA based on their allegation that the defendants regarded Eric Dean as disabled by his alcoholism and drug dependence. Reviewing the Deans' motion to amend under Rule 15 (a) of the Federal Rules of Civil Procedure, the district court noted that discovery was closed and allowing the amendment would result in the reopening of discovery and undue prejudice to the defendants. More importantly, the district court held that the proposed claim under Title I of the ADA would be futile because the Deans failed to pursue the requisite administrative relief prior to filing suit. The Deans do not appeal this ruling.

The district court then entered summary judgment on the Deans' federal claims, and declined to exercise jurisdiction over the Deans' state law claims. In an apparent effort to avoid the administrative exhaustion requirement contained in Title I of the ADA, and after judgment had been entered in favor of the defendants, the Deans sought to amend their complaint to assert for the first time a claim for wrongful termination under Title II of the ADA. Because the Deans' proposed amendment was contained in a motion to reconsider, the district court reviewed this matter pursuant to Rule 59(e) and Rule 60(b) of the Federal Rules of Civil Procedure.

While noting that the Sixth Circuit had not yet resolved the issue of whether Title II is applicable in employment cases, the district court reviewed the current state of the law and concluded that "it is unlikely that the Sixth Circuit would hold that Title II of the ADA applies to employment cases, which are covered explicitly by Title I. Moreover, even if Title II applies to employment cases, the administrative rule requires a claimant to abide by the exhaustion requirements stated in Title I." It is on these grounds that the district court denied the Deans' attempt to proceed on the Title II claim. While this Court agrees that the district court was correct in denying the Deans' motion, the decision will be affirmed for other reasons supported by the record. *See Salve Regina College v. Russell*, 499 U.S. 225, 231 (1991)("The obligation of responsible appellate jurisdiction implies the requisite authority to review independently a lower court's determinations"); *Andrews v. State of Ohio*, 104 F.3d 803, 808 (6th Cir. 1997)(holding that this court may affirm on any grounds supported by the record, even if different from the district court's grounds).

Although the Deans' motion was couched as a motion for reconsideration under Rule 59(e) and Rule 60(b), the Deans were actually attempting to assert a new claim for the first time. A motion for reconsideration based on Rule 59(e) or Rule 60(b) is not the proper vehicle for asserting a new claim for the first time. Rather, Rule 15(a) governs motions for leave to amend pleadings, and states in pertinent part that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). While this is a liberal standard, the district court need not grant leave to amend if there is evidence of delay, prejudice, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Midkiff v. Adams County Regional Water District*, 409 F.3d 758, 767 (6th Cir. 2005); *Inge v. Rock Financial Corp.*, 388 F.3d 930, 937 (6th Cir. 2004). In this case, discovery was closed, dispositive motions

were filed, and judgment had already been entered in favor of the defendants. Allowing the Deans to proceed with their proposed amendment at this juncture would have necessitated, at a minimum, the reopening of discovery and another round of dispositive motions. Given the substantial prejudice this would impart upon the defendants, the district court would not have abused its discretion in denying the Deans' attempt to assert a claim under Title II of the ADA. Consequently, the decision of the district court denying the Deans leave to assert a claim under Title II of the ADA is AFFIRMED on these alternative grounds, and this Court declines to reach the novel issue of whether Title II of the ADA applies to employment cases.

## IV. THE DISTRICT COURT DID NOT ERR IN DISMISSING THE DEANS' PROCEDURAL DUE PROCESS CLAIMS.

With respect to the district court's denial of the Deans' motion to reconsider the order granting summary judgment on their federal claims, this court should apply a *de novo* standard of review using the same standard employed by the district court. *Gage Products. Co. v. Henkel Corp.*, 393 F.3d 629, 637 (6th Cir. 2004). Summary judgment is proper where no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. *Moross Ltd. Partnership v. Fleckenstein Capital, Inc.*, 466 F.3d 508, 515 (6th Cir. 2006); *see also* Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, evidence is to be construed, and all reasonable inferences therefrom are to be construed, in the light most favorable to the non-movant. The issue is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Moross*, 466 F.3d at 515. "The mere existence of a scintilla of evidence in support of the [non-movant]'s position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id*.

8

The Deans contend that Eric Dean's termination violated his rights under the Due Process Clause of the Fourteenth Amendment because the pre- and post-termination procedures were constitutionally inadequate. The Fourteenth Amendment's guarantee of procedural due process assures that the deprivation of life, liberty, or property "be preceded by notice and opportunity for a hearing appropriate to the nature of the case." *Cleveland Bd. of Education v. Loudermill*, 470 U.S. 532 (1986). When faced with a claim for violation of due process rights, federal courts engage in a two-step analysis. First, the court must determine whether a protected property interest exists, and second, what procedures are required to protect that interest. *Singfield v. Akron Metropolitan Housing Auth.*, 389 F.3d 555, 565 (6th Cir. 2004); *Johnston-Taylor v. Gannon*, 907 F.2d 1577, 1581 (6th Cir. 1990).

Generally, state civil servants may have a property interest in continued employment under certain circumstances and must be afforded due process before being discharged. *Loudermill*, 470 U.S. 538; *Relford v. Lexington-Fayette Urban County Government*, 390 F.3d 452, 460 (6th Cir. 2004). However, courts must look to an independent source, such as state law, to determine whether or not a property interest exists. *Loudermill*, 470 U.S. at 539. A showing that a civil servant may be fired only for cause, by operation of state contract law, statute, administrative rules and regulations is sufficient to satisfy the first step of the analysis. *Farhat v. Jopke*, 370 F.3d 580, 595 (6th Cir. 2004).

Under Michigan law, a plaintiff can prove he is a "just cause" employee by three means: "(1) proof of a 'contractual provision for a definite term of employment or a provision forbidding discharge absent just cause;' (2) an express agreement, either written or oral, regarding job security that is clear and unequivocal; or (3) a contractual provision, implied at law, where an employer's

policies and procedures instill a 'legitimate expectation' of job security in the employee." *Lytle v. Malady*, 579 N.W.2d 906, 911 (Mich. 1998) (citing *Toussaint v. Blue Cross & Blue Shield of Michigan*, 292 N.W.2d 880 (Mich. 1980)). There is no dispute among the parties that no contractual provision guaranteeing "just cause" termination exists. Nor is there any evidence of an express written or oral agreement. However, the evidence does suggest that Bay City's policies and procedures created a legitimate expectation of a secure job that would not be withdrawn without just cause. For instance, Bay City's employment manual sets out a detailed grievance procedure in which employees may challenge decisions to terminate, including the right to a hearing before the city commission. Such a procedure is inconsistent with an employer's privilege of discharging employees at will. Moreover, Bay City indeed offered Eric Dean the right of grievance to be followed by arbitration, again suggesting that he is not an at-will employee. Thus, the Deans have established that Eric Dean had a property interest sufficient to trigger the second step of the analysis.

The formality of the process due under federal law "depends upon the importance of the [property] interest" at stake. *Farhat*, 370 F.3d at 595. In this case, the Deans challenge the sufficiency of both the pre-termination and post-termination hearings. With respect to the pre-termination due process, the Sixth Circuit simply requires notice and an opportunity to present his or her side of the story to the official responsible for the termination. *Id.*; *Buckner v. City of Highland Park*, 901 F.2d 491, 494 (6th Cir. 1990). Eric Dean's job performance reviews, which he discussed with defendant Belleman, gave him notice of his deficiencies well in advance of his termination. The fact that the notice made no reference to his dependence on drugs or alcohol is irrelevant since the defendants clearly had no knowledge that his poor job performance may have been related to his drug and alcohol dependency. Certainly, the notice provided to Eric Dean was

10

constitutionally adequate.

Eric Dean was also afforded a pre-termination opportunity to met with Belleman to discuss his performance evaluation on November 21, 2003. Eric Dean reviewed the evaluation, challenged the allegations that he had lied, and left the meeting without further discussion. By letter of November 24, 2003, Eric Dean was notified of his termination. Pursuant to Bay City's rules, on December 8, 2003 a grievance hearing was held wherein Eric Dean advised he had nothing to present and simply wanted the matter to go to arbitration before a neutral decision-maker as allowed under the rules. However, on April 7, 2004, Eric Dean withdrew from arbitration. By declining to participate in the post-termination arbitration, Eric Dean waived whatever remained of his procedural due process claim. *Farhat*, 370 F.3d at 596.

The Deans argue that Eric Dean withdrew from arbitration because he could not afford to obtain the necessary documents requested pursuant to the Freedom of Information Act. However, the relevant arbitration rules clearly provide that an arbitrator may independently subpoena any necessary witnesses and documents. Accordingly, the decision of the district court denying the Deans' procedural due process challenges to Eric Dean's termination is AFFIRMED.