NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1168n.06

No. 11-2378

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Nov 13, 2012*

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| JOSEPH J. COYER; JANET M. COYER, | ) | |
| | ) | |
| Plaintiffs-Appellants, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| HSBC MORTGAGE SERVICES, INC., | ) | MICHIGAN |
| | ) | |
| Defendant-Appellee. | ) | |

Before: MERRITT, MARTIN, and GILMAN, Circuit Judges.

PER CURIAM. Joseph and Janet Coyer, pro se Michigan residents, appeal a district court order dismissing their civil complaint. This case has been referred to a panel of the court pursuant to Federal Rule of Appellate Procedure 34(a)(2)(C), and we unanimously agree that oral argument is not needed. Fed. R. App. P. 34(a).

In 2005, the Coyers entered into a mortgage agreement with Option One Mortgage Corporation (Option One) for the purchase of property located in Linwood, Michigan. Later that year, Option One assigned the mortgage to Mortgage Electronic Registration Systems, Inc. (MERS). Subsequently, HSBC Mortgage Services, Inc. (HSBC) purchased the mortgage from MERS. After the Coyers allegedly stopped making payment to HSBC in 2010, HSBC began foreclosure proceedings pursuant to the mortgage contract's "power of sale" clause. The sale was originally scheduled to occur in December 2010.

In October 2010, the Coyers filed a complaint asserting numerous allegations concerning alleged illegal conduct routinely practiced in the mortgage industry. With respect to HSBC, the

Coyers argue that HSBC conspired to induce them into a predatory loan agreement. Specifically, the Coyers asserted the following claims: (1) breach of fiduciary duty; (2) negligence/negligence per se; (3) common law fraud; (4) breach of the implied covenant of good faith and fair dealing; (5) violation of the Truth in Lending Act (TILA), 15 U.S.C. § 1601 et seq.; and (6) intentional infliction of emotional distress. The Coyers also filed a motion for preliminary injunction and a motion for a temporary restraining order, seeking to enjoin the sale of their home. HSBC responded. Following a hearing on the motions, a magistrate judge filed a report, recommending that the district court deny the Coyers a temporary restraining order. The district court rejected the Coyers' objections, adopted the magistrate judge's report, and denied their motions. The Coyers filed a motion for reconsideration, arguing, inter alia, that Magistrate Judge Charles Binder should be disqualified from serving as a magistrate judge, pursuant to 28 U.S.C. § 631(c), because he was employed as a faculty member of the United States Air Force Academy's Department of Law. The district court denied their motion for reconsideration as untimely.

HSBC filed a motion to dismiss the Coyers' complaint. The Coyers responded, and HSBC replied. The Coyers also filed a motion to amend their complaint, and HSBC moved the district court for an order removing the Coyers' common law lien on the property and to enjoin the Coyers from filing any further liens or encumbrances on the property.

The district court construed HSBC's motion to dismiss as a motion for judgment on the pleadings and granted judgment in favor of HSBC. The district court concluded that HSBC was entitled to judgment because: (1) a fiduciary duty does not generally arise within the context of a borrower-lender relationship, and the Coyers failed to allege special circumstances to override the general rule; (2) the Coyers' negligence claim is barred by the applicable three-year statute of limitations and, even if the claim were not barred, HSBC was not involved in any alleged lack of disclosures between the plaintiffs and Option One; (3) the Coyers' fraud claim also relates to an alleged lack of disclosures made at the time they entered their mortgage with Option One, and HSBC

had no involvement with that transaction; (4) Michigan law does not recognize a claim for breach of the implied covenant of good faith and fair dealing; (5) the Coyers' TILA claim is barred by the applicable one-year statute of limitation, and even if the claim is not barred, HSBC had no involvement with the inception of the Coyers' mortgage with Option One; and (6) the Coyers failed to sufficiently allege a claim for intentional infliction of emotional distress because they did not present evidence that HSBC's actions with respect to the planned foreclosure were so outrageous and extreme as to go beyond all possible bounds of decency. The district court also granted HSBC's motion to remove the Coyers' common law lien, denied the motion to prohibit the Coyers from placing further liens on the property, and denied the Coyers' motion to amend their complaint. After filing their notice of appeal, the Coyers filed a Federal Rule of Civil Procedure 60(b) motion, which the district court denied. The Coyers then filed an amended notice of appeal to include that order.

On appeal, the Coyers reassert their claims that: (1) HSBC breached its fiduciary duty; (2) HSBC is liable for negligence and negligence per se; (3) HSBC committed common law fraud; (4) HSBC breached the implied covenant of good faith and fair dealing; and (5) HSBC violated TILA. The Coyers also argue that the district court erred by failing to: (6) deny HSBC's motion to withdraw the Coyers' common law lien on their property; (7) report that Magistrate Judge Charles Binder was not qualified to serve as a magistrate judge in light of his employment with the USAFA; (8) properly scrutinize HSBC's arguments; (9) grant their motion to amend their complaint by falsely stating that the Coyers did not submit a copy of the proposed amended complaint; and (10) properly review their Rule 60(b) motion.

The Coyers present no arguments on appeal challenging the district court's dismissal of their claim for intentional infliction of emotional distress. Therefore, they have abandoned this claim and we will not review it. *See Post v. Bradshaw*, 621 F.3d 406, 413-14 (6th Cir. 2010), *cert. denied*, 131 S. Ct. 2902 (2011); *Grace Cmty. Church v. Lenox Twp.*, 544 F.3d 609, 618 n.1 (6th Cir. 2008).

We review de novo a district court's entry of judgment on the pleadings under Rule 12(c). *See Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008) (internal quotation marks omitted). "A motion brought pursuant to Rule 12(c) is appropriately granted 'when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law.'" *Id.* (quoting *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007)).

First, the district court properly dismissed the Coyers' claim for breach of fiduciary duty. Under Michigan law, "a fiduciary relationship arises from the reposing of faith, confidence, and trust and the reliance of one on the judgment and advice of another." *See Teadt v Lutheran Church Mo. Synod*, 603 N.W.2d 816, 823 (Mich. Ct. App. 1999). However, there is generally no fiduciary relationship between a mortgagor and a mortgagee. *In re Sallee*, 286 F.3d 878, 893 (6th Cir. 2002). Here, HSBC purchased the Coyers' mortgage and serviced the mortgage, but the Coyers have not shown that any special circumstances exist to avoid the general rule that such a relationship does not involve fiduciary duties.

The district court also properly dismissed the Coyers' claim for breach of an implied covenant of good faith and fair dealing because "Michigan does not recognize a claim for breach of an implied covenant of good faith and fair dealing . . . ." *See Belle Isle Grill Corp. v. City of Detroit*, 666 N.W.2d 271, 279 (Mich. Ct. App. 2003).

The district court properly dismissed the Coyers' negligence and fraud claims. "Under Michigan law, a plaintiff alleging a claim of negligence must demonstrate the following four elements: 1) a duty owed to the plaintiff by the defendant, 2) breach of that duty, 3) causation, and 4) damages." *Brown v. United States*, 583 F.3d 916, 920 (6th Cir. 2009) (citing *Case v. Consumers*

*Power Co.*, 463 Mich. 1, 6 (2000)). In order to establish a fraud claim, a plaintiff must demonstrate that: "(1) the defendant made a material misrepresentation; (2) the representation was false; (3) when the defendant made the representation, the defendant knew that it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) the defendant made the representation with the intention that the plaintiff would act upon it; (5) the plaintiff acted in reliance upon it; and (6) the plaintiff suffered damage." *Bennett v. MIS Corp.*, 607 F.3d 1076, 1100-01 (6th Cir. 2010) (citing *Cummins v. Robinson Twp.*, 770 N.W.2d 421, 435 (2009)).

The Coyers' allegations concerning negligence and fraud relate to statements and misrepresentations made at the time that they entered their mortgage with Option One. However, it is undisputed that HSBC was not a party to that transaction, and that HSBC purchased the mortgage on the secondary market. Therefore, HSBC was not involved in any alleged lack of disclosures between the Coyers and Option One. Although the Coyers now argue that HSBC is liable for the misrepresentations and failures to disclose information made by Option One and its agents, they have presented no persuasive authority to support this contention. Coyers argue that HSBC is subject to its claims against Option One by virtue of 16 C.F.R. § 433.2. However, that provision does not apply to mortgages. *See Johnson v. Long Beach Mortgage Loan Trust 2001-4,* 451 F. Supp. 2d 16, 55 (D.D.C. 2006).

Even if the Coyers had stated a negligence claim, that claim is barred by the applicable three-year statute of limitation. *See* Mich. Comp. Laws § 600.5805. The Coyers' claims stem from their allegations that they were not fully made aware of the terms of their mortgage loan when they agreed to the loan in June 2005. However, they did not file their complaint until October 28, 2010, approximately two years beyond the limitations period.

The district court properly dismissed the Coyers' claims under TILA. "TILA requires that creditors make certain disclosures as to the terms of lending arrangements and provides for civil liability for failure to comply with its provisions." *See* 15 U.S.C. § 1640; *United States v. Petroff-*

*Kline*, 557 F.3d 285, 294 (6th Cir. 2009). The Coyers failed to allege facts indicating how HSBC violated TILA. As stated above, the Coyers' allegations that they were induced to enter into a predatory loan agreement via misrepresentation and fraud relates back to the time they entered their mortgage with Option One, and HSBC was not a party to that transaction. Moreover, any claim under TILA is barred by the applicable one-year statute of limitations. *See* 15 U.S.C. § 1640(e); *MacDermid v. Discover Fin. Servs.*, 488 F.3d 721, 734 n.3 (6th Cir. 2007). Although the Coyers signed the loan in 2005, they waited until 2010 to file their complaint challenging the alleged failures to disclose information about the pertinent terms of the loan. The Coyers argue that their claim did not accrue until they had read a book entitled "Truth in Lending" and a document entitled "Truth-In-Lending Disclosure Requirements, Violations, and Remedies." However, a version of "Truth in Lending" has been available since 1986, and the book is currently in its seventh edition. The "Truth-In-Lending Disclosure Requirements, Violations, and Remedies" document was written in 2007. The Coyers' cause of action would have accrued no later than 2007, and the limitations period would have expired in 2008. Therefore, the Coyers' 2010 complaint is untimely.

The Coyers' remaining appellate arguments do not entitle them to relief. First, the district court properly granted HSBC's motion to remove the Coyers' common law lien on their property because an individual cannot place a lien on his or her own property. *See Gould v. Day*, 94 U.S. 405, 413 (1876) (noting that "[o]ne cannot have a lien upon his own property"). Therefore, the Coyers' lien is void. Second, the Coyers argue that the district court's rulings are void because the district court did not address their argument that Magistrate Judge Charles Binder was not qualified to serve as a magistrate judge pursuant to 28 U.S.C. § 631(c). Section 631(c) provides that "[a] magistrate judge may hold no other civil or military office or employment under the United States . . . ." However, even assuming Magistrate Judge Binder was unqualified for service because of other employment, the district court's orders are not void because that court withdrew the reference to the Magistrate Judge and conducted de novo review before dismissing the Coyers' complaint.

Moreover, the district court properly declined to rule on this argument because it was first made in an untimely motion for reconsideration. The Coyers' suggestions that Judge Ludington is biased are meritless.

The record belies the Coyers' claim that the district court did not "properly scrutinize" HSBC's arguments. As stated above, the district court conducted a de novo review of the Coyers' claims and HSBC's responses to those claims. In addition, although the Coyers argue that the district court determined, without any evidence, that HSBC had an interest in the mortgage, the plaintiffs themselves submitted papers documenting that Option One had assigned the mortgage to MERS, and that MERS had assigned its interest to HSBC. The Coyers' claim that the district court "falsely" stated that they did not submit a copy of their proposed amended complaint is also belied by the record. The district court docket sheet reflects that the Coyers submitted only a motion for leave to amend, but did not attach a copy of the proposed amended complaint.

Finally, the district court properly denied the Coyers's Rule 60(b) motion. We review a district court's denial of a Rule 60(b) motion for an abuse of discretion. *Thompson v. Bell*, 580 F.3d 423, 442 (6th Cir. 2009). "Abuse of discretion is defined as a definite and firm conviction that the trial court committed a clear error of judgment." *See id*. (quoting *Burrell v. Henderson*, 434 F.3d 826, 831 (6th Cir. 2006)). In denying the Rule 60(b) motion, the district court noted that the Coyers had advanced "new legal and factual arguments" that were not previously included as part of their six enumerated causes of action against HSBC, and declined to address any new claims. The Coyers argue that the district court erred because it failed to rule on the entirety of their Rule 60(b) motion because Rule 60(b) provides for relief based on newly discovered evidence. *See* Fed. R. Civ. P. 60(b)(2). However, a motion for reconsideration under Rule 60(b) is not the proper vehicle for asserting new claims. *See Dean v. City of Bay City, Mich*., 239 F. App'x 107, 111 (6th Cir. 2007); s*ee also Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) ("Rule 59(e) motions cannot be used to present new arguments that could have been raised prior to judgment. Rule 59(e) allows

for reconsideration; it does not permit parties to effectively re-argue a case.") (internal quotation marks and citations omitted).

The district court's order is affirmed.