RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 17a0035p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

LEE E. MOORE,

    *Petitioner-Appellant,*

  *v.*

BETTY MITCHELL, Warden,

    *Respondent-Appellee.*

No. 15-3374

Appeal from the United States District Court for
the Southern District of Ohio at Cincinnati.
No. 1:00-cv-00023—Susan J. Dlott, District Judge.

Argued: April 27, 2016

Decided and Filed: February 15, 2017

Before: MERRIT, BATCHELDER, and GIBBONS, Circuit Judges.

_____

## COUNSEL

**ARGUED:** Laurence E. Komp, Manchester, Missouri, for Appellant. Charles L. Wille, OFFICE OF THE OHIO ATTORNEY GENERAL, Columbus, Ohio, for Appellee. **ON BRIEF:** Laurence E. Komp, Manchester, Missouri, Michael J. O'Hara, O'HARA, RUBERG, TAYLOR, SLOAN & SERGENT, for Appellant. Charles L. Wille, OFFICE OF THE OHIO ATTORNEY GENERAL, Columbus, Ohio, for Appellee.

  BATCHELDER, J., delivered the opinion of the court in which GIBBONS, J., joined. MERRITT, J. (pp. 7–9), delivered a separate dissenting opinion.

———————————

**OPINION**

———————————

ALICE M. BATCHELDER, Circuit Judge.   Lee Moore, convicted of kidnapping, robbing, and murdering Melvin Olinger, appeals the district court judgment that denied his motion for relief from judgment filed pursuant to Federal Rule of Civil Procedure 60(b).   He argues that the Supreme Court's decision in *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), and new evidence amount to extraordinary circumstances that justify relief under Rule 60(b)(6).   But *Trevino* does not apply here.   *Trevino* expanded the application of *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), only to cases in which a claim of ineffective assistance of trial counsel could not have been made meaningfully on direct appeal.   But Moore brought a claim of ineffective assistance of trial counsel on direct appeal, and the Ohio Supreme Court adjudicated that claim on the merits.  We therefore AFFIRM the decision of the district court.

**I.**

Moore was tried and convicted in 1994.   The Ohio Court of Appeals affirmed his conviction and sentences in June 1996, and the Ohio Supreme Court affirmed in February 1998. *State v. Moore*, 689 N.E.2d 1 (Ohio 1998).   While his first appeal was pending, Moore filed a petition for post-conviction relief in the trial court.   The trial court denied the petition, and the Ohio Court of Appeals affirmed that decision. *State v. Moore*, No. C-970353, 1998 WL 638353 (Ohio Ct. App. Sept. 18, 1998).   The Ohio Supreme Court denied review in 1999.   Moore applied to reopen his appeal under Ohio R. App. P. 26(B) in September 2000, claiming that his counsel in his first appeal had been ineffective.   The Ohio Court of Appeals denied the application as untimely and on the basis of res judicata.   The Ohio Supreme Court affirmed that decision, holding that Moore failed to raise a genuine issue as to whether he was deprived of the effective assistance of counsel on appeal. *State v. Moore*, 758 N.E.2d 1130, 1133 (Ohio 2001).

Moore filed a petition for a writ of habeas corpus in 2000, raising twenty-five claims. After a period of discovery, the district court expanded the record to include evidence developed in that discovery, and granted relief on Claim (2)(B)—that Moore had received ineffective

assistance of counsel at sentencing—and on two claims alleging improper jury instructions in the penalty phase of his trial. We affirmed the district court's judgment in part and vacated and remanded it in part, holding that *Cullen v. Pinholster*, 563 U.S. 170 (2011), precluded the court from considering additional evidence that Moore had introduced in the district court in support of his claim of ineffective assistance of counsel at sentencing. *Moore v. Mitchell*, 708 F.3d 760, 784 (6th Cir. 2013), *cert. denied*, 134 S. Ct. 693 (2013). In that opinion, we rejected Moore's argument that *Martinez* required us to remand the case to the district court for factual development of his ineffective assistance of trial counsel claim. We held that *Martinez* applied "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding," *Martinez*, 132 S. Ct. at 1320, and Moore had raised on direct appeal a claim of ineffective assistance of trial counsel. *Moore*, 708 F.3d at 785.

In January 2014, Moore filed a motion to set aside the judgment pursuant to Federal Rule of Civil Procedure 60(b), and amended the motion in March 2014. He argued that the Supreme Court's 2013 decision in *Trevino* permitted him to use newly developed evidence of ineffective assistance of post-conviction counsel to establish cause and prejudice for his failure to present evidence to support his post-conviction claim of ineffective assistance of trial counsel.

The magistrate judge found that this court's prior decision was the law of the case, that neither *Trevino* nor *McGuire v. Warden, Chillicothe Correctional Institution*, 738 F.3d 741 (6th Cir. 2013), *cert. denied*, 134 S. Ct. 998 (2014), changed that result, and that neither *Trevino* nor *Martinez* created an exception to the *Pinholster* limit on new evidence. The magistrate judge found also that neither *Martinez* nor *Trevino* applied to this case because Moore did not procedurally default his claim of ineffective assistance of trial counsel. The district court adopted the magistrate judge's findings and conclusions over Moore's objections but granted a certificate of appealability.

## II.

Federal Rule of Civil Procedure 60(b) provides grounds for relief from a final judgment for five particular reasons and "any other reason that justifies relief." A movant seeking relief under Rule 60(b)(6) must show "extraordinary circumstances" justifying the reopening of a final

judgment, and such circumstances "rarely occur" in habeas cases. *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). "[I]t is well established that a change in decisional law is usually not, by itself, an extraordinary circumstance meriting Rule 60(b)(6) relief." *Henness v. Bagley*, 766 F.3d 550, 557 (6th Cir. 2014) (internal quotation marks and citation omitted), *cert. denied*, 135 S. Ct. 1708 (2015). We review for an abuse of discretion the denial of a Rule 60(b) motion. *Coyer v. HSBC Mortg. Servs., Inc.*, 701 F.3d 1104, 1110 (6th Cir. 2012).

"Under the doctrine of law of the case, findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation." *United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994). The law of the case doctrine "is not an inexorable command" but is "directed to a court's common sense." *Hanover Ins. Co. v. Am. Eng'g Co.*, 105 F.3d 306, 312 (6th Cir. 1997) (internal quotations and citations omitted). "We previously have stated three reasons to reconsider a ruling: (1) where substantially different evidence is raised on subsequent trial; (2) where a subsequent contrary view of the law is decided by the controlling authority; or (3) where a decision is clearly erroneous and would work a manifest injustice." *Id.*

Moore argues that the district court abused its discretion by relying on the law of the case because *Trevino* permits him to use newly developed evidence of ineffective assistance of post-conviction counsel to establish cause and prejudice for his failure to present evidence in support of his post-conviction claims of ineffective assistance of trial counsel. Moore contends that *Trevino* should apply to his case because his claim relies on evidence that is outside the record. He also contends that Ohio's procedural scheme requires that prisoners bring their claim on collateral review when their claim of ineffective assistance of trial counsel relies on evidence outside the record. *See McGuire*, 738 F.3d at 752 ("[I]f ineffective assistance cases are divided into two categories, one could argue that the category requiring evidence outside the record must be brought on collateral review in order for review to be meaningful.").

As we held in our earlier decision in this case, *Martinez* narrowly answered a precise question—"whether ineffective assistance in an initial-review collateral proceeding on a claim of ineffective assistance at trial may provide cause for a procedural default in a federal habeas proceeding," 132 S. Ct. at 1315—and does not apply to Moore's case. *Moore*, 708 F.3d at 784.

*Trevino* applied *Martinez* to the procedural framework in Texas because that framework made it very unlikely that a defendant could raise a claim of ineffective assistance of trial counsel on direct appeal. 133 S. Ct. at 1915 ("[T]he *Martinez* exception applies in [a] procedural regime" in which "[t]he structure and design of [a] system in actual operation . . . make it 'virtually impossible' for an ineffective assistance claim to be presented on direct review." (internal citation omitted)).

In this case, not only does Ohio's procedural regime make it possible for Moore to present an ineffective assistance claim on direct review, Moore actually brought such a claim on direct review. As the magistrate judge stated correctly in the report and recommendation,

> assuming the rule of *Martinez* and *Trevino* applies to the Ohio post-conviction system, it only permits excusing a procedural default which barred merit consideration of an ineffective assistance of trial counsel claim. That did not happen here. The Ohio Supreme Court decided Subclaim 2(B) [the ineffective assistance claim] on the merits. *Moore*, 708 F.3d at 785, *citing Moore*, [689 N.E.2d at 14]. In other words, there was no procedural default that barred a decision on the merits and thus required excusing under *Martinez-Trevino*.

*Trevino* has no effect on our prior holding that "*Martinez* does not address the type of situation that Moore presents here. Ohio permits ineffective assistance of trial counsel claims to be made on direct appeal, Moore raised this claim on direct appeal, and the Ohio Supreme Court rejected it on the merits. *Moore*, 689 N.E.2d at 13-14." *Moore*, 708 F.3d at 785.

We find no abuse of discretion in the district court's denial of Moore's Rule 60(b) motion. This court has not yet determined whether *Trevino* applies to cases that arise in Ohio. *See Landrum v. Anderson*, 813 F.3d 330, 336 (6th Cir. 2016); *Henness*, 766 F.3d at 557. But we have held that neither *Martinez* nor *Trevino*, without more, provides the kind of extraordinary circumstances that would justify the relief sought under Rule 60(b). *See Landrum*, 813 F.3d at 335-36; *Henness*, 766 F.3d at 557. In any event, neither case applies because Moore raised his claim of ineffective assistance of trial counsel on direct appeal, and that claim was adjudicated and denied on the merits by the state court. Moore did not default his ineffective assistance of counsel claim on collateral review in the state courts. Our earlier decision holding that *Martinez* did not apply was not clearly erroneous and would not result in manifest injustice. *Trevino* supplies no reason to depart from the law of the case, and there is no exception to the law of the

case doctrine applicable here. *See Hanover Ins. Co.*, 105 F.3d at 312; *Moored*, 38 F.3d at 1421. And *Pinholster* continues to limit our review to the evidence that was before the state court that adjudicated that claim on the merits. *See Pinholster*, 563 U.S. at 181-82; *Moore*, 708 F.3d at 784-85.

## III.

For the foregoing reasons, we AFFIRM the decision of the district court.

———————————

**DISSENT**

———————————

MERRITT, Circuit Judge, dissenting.  I disagree with my colleagues that "extraordinary circumstances" do not exist here where defense counsel in closing argument invited the jury to "put" his client "to death."  I do not believe that further development of the record is necessary, but, if so, the recent cases of *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), and *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), should open the door to supplement the record.

At the end of the sentencing phase of this death penalty case, just before the jury retired to consider its verdict, defense counsel stated to the jury on behalf of Moore:  "I know I wouldn't want to go to jail for seventy-three years.  I'd rather you put me to death."  Tr. Trans. 1221.  This statement to the jury suggesting the execution of his client rather than imprisonment followed closely upon the testimony of the defense expert, a psychologist, Dr. David Chiappone.  Defense counsel had just put the expert on the stand without knowing what his testimony would be.  The expert testified that Moore told him that he killed the victim intentionally, testimony that directly contradicted the entire theory of Moore's defense in the case that the shooting was accidental.  During the course of the final argument in which defense counsel said, "I'd rather you put me to death," defense counsel reinforced his request for death by telling the jury that a long sentence in jail was not fair to the victim's family.  Tr. Trans. 1214.  In his rambling closing, counsel also said, "I mean if you shoot somebody in the head and you're in a little area and his brains fly out all over the wall, that is going to have an effect."  Tr. Trans. 1205.  By agreeing with the prosecutor about his client's fate, defense counsel in effect abandoned his client in the sentencing phase of the case during final argument just before the jury began deliberation.

All of these facts were before the Supreme Court of Ohio on direct appeal in which the Supreme Court stated:  "In his thirteenth proposition of law, Moore argues that counsel were ineffective at the penalty phase in failing to prepare adequately with witnesses, and that such failure resulted in a surprise revelation fatal to his case."  *State v. Moore*, 689 N.E.2d 1, 14 (1998).  The Court's answer to this ineffective assistance of counsel argument on direct appeal was that "Moore's arguments under this proposition are purely speculative and do not compel a

reversal of his death sentence." *Id.* The argument was "speculative" apparently because the state court did not know what effect it had on the jury.

The basic issue of ineffective assistance of counsel was decided on direct appeal by the Ohio Supreme Court with the sentencing phase errors in the transcript before it. The Court decided the question on the merits. It did not invoke procedural default, and there is no reason to invoke AEDPA or its procedural doctrines to block a federal court from reaching the merits. Defense counsel's invitation to the jury to impose the death penalty against Moore should be regarded under *Strickland v. Washington*, 466 U.S. 668 (1984), as a *per se* violation of the Sixth Amendment right to counsel, a violation in which prejudice is presumed. The *Strickland* case says:

> In certain Sixth Amendment contexts, prejudice is presumed. Actual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice. So are various kinds of state interference with counsel's assistance. Prejudice in these circumstances is so likely that case-by-case inquiry into prejudice is not worth the cost.

*Id.* at 692 (citation omitted). When defense counsel effectively abandons his client during the mitigation phase of a death penalty case and calls on the jury to impose death rather than imprisonment, prejudice should be presumed.

This view is reinforced by *Herring v. New York*, 422 U.S. 853 (1975). There, the Supreme Court recognized the singular significance of counsel's closing argument in the adversary process. Closing argument is the moment that is supposed to tie all of the evidence together, illuminate the significance of the evidence to the fact-finder, and argue why the evidence supports his client's position. For a defendant in a capital trial, it is "the last clear chance to persuade the trier of fact" that he should not be executed. *Id*. at 862. "'The Constitutional right of a defendant to be heard through counsel necessarily includes his right to have his counsel make a proper argument on the evidence and the applicable law in his favor, however simple, clear, unimpeached, and conclusive the evidence may seem.'" *Id*. at 860 (quoting *Yopps v. Maryland*, 178 A.2d 879, 881 (1962)). The Court in *Herring* explained the importance of what is said in final argument:

The very premise of our adversary system of criminal justice is that partisan advocacy on both sides of a case will best promote the ultimate objective . . . . [I]n a criminal trial, which is in the end basically a factfinding process, no aspect of such advocacy could be more important than the opportunity finally to marshal the evidence for each side before submission of the case to judgment.

*Id*. at 862.

Moore received a grossly unfair trial twenty years ago in which his own lawyer abandoned him and called on the jury to impose the death penalty. The sentencing phase of the case should be retried with a defense lawyer who is competent and does not abandon his client. My colleagues have simply ignored and refused to recognize the extraordinary prejudice defense counsel visited upon his client.