*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 08a0328p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

SONIA TUCKER,

        *Plaintiff-Appellant,*

    *v.*

MIDDLEBURG-LEGACY PLACE, LLC, and JENNIFER LARSEN,

        *Defendants-Appellees.*

No. 07-4393

---

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 07-02015—Christopher A. Boyko, District Judge.

Argued: July 23, 2008

Decided and Filed: August 29, 2008

Before: COLE and GRIFFIN, Circuit Judges; SARGUS, District Judge.[*]

---

## COUNSEL

**ARGUED:** Mark P. Herron, Cleveland, Ohio, for Appellant. Andrew J. Dorman, JANIK, DORMAN & WINTER, Cleveland, Ohio, for Appellees. **ON BRIEF:** Mark P. Herron, Cleveland, Ohio, for Appellant. Andrew J. Dorman, JANIK, DORMAN & WINTER, Cleveland, Ohio, for Appellees.

---

## OPINION

---

    GRIFFIN, Circuit Judge. Plaintiff-appellant Sonia Tucker brought the present action alleging violations of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 *et seq.*, against her former employer, defendant-appellee Middleburg-Legacy Place, LLC ("Middleburg"), and Middleburg's human resources manager, defendant-appellee Jennifer Larsen, following the termination of Tucker's employment after an approved medical leave. The district court granted defendants' motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) and denied further amendment of plaintiff's complaint. Tucker now appeals the district court's order dismissing her cause of action. For the reasons set forth below, we affirm.

---

[*]The Honorable Edmund A. Sargus, Jr., United States District Judge for the Southern District of Ohio, sitting by designation.

1

I.

On June 5, 2007, Sonia Tucker filed a one-count complaint in the Court of Common Pleas, Cuyahoga County, Ohio, in which she alleged that her former employer, Legacy Health Services, and its human resources manager, Jennifer Larsen, violated certain notice requirements of the FMLA when defendants terminated her employment following a period of approved FMLA leave. Defendants removed the case to federal district court pursuant to the federal question jurisdiction statute, 28 U.S.C. § 1331, and answered the complaint. Tucker thereafter filed an Amended Complaint with leave of the court and defendants' consent, for the sole purpose of identifying correctly the defendant employer as "Middleburg-Legacy Place."[1] No substantive changes were made to the allegations in the complaint. The heart of Tucker's claim alleging a violation of the FMLA is set forth in Paragraphs 7 through 15 of her Amended Complaint, in which she avers:

7.   On or about December 15, 2006, plaintiff commenced an approved medical leave for a serious health condition under the Family and Medical Leave Act that prevented her from performing the essential functions of her job.

8.   At no time following the plaintiff's request for [FMLA] leave, or while plaintiff was on her leave, did defendants provide plaintiff with a written notification of expectations and obligations of the plaintiff while on [FMLA] medical leave, and explaining any consequences of a failure to meet these obligations, as required by 29 C.F.R. § 825.301(b).

9.   Plaintiff had been initially cleared to return to work from her medical leave on January 17, 2007.

10.  In accordance with defendant's policies and procedures, and as plaintiff understood them, plaintiff was required to obtain a fitness-for-duty certificate prior to returning to work from her medical leave demonstrating that she was physically able to perform the essential functions of her position.

11.  On or about January 17, 2007, plaintiff went to her physician for an examination and to obtain a fitness-for-duty certificate demonstrating that she was physically able to perform the essential functions of her position.

12.  On January 17, 2007, despite having failed to comply with the notice requirements imposed upon it by 29 C.F.R. § 825.301(b), defendants unlawfully terminated plaintiff from her employment for alleged job abandonment.

13.  At no point did plaintiff abandon her employment.

14.  The acts and omissions of defendants described herein constitute a violation of the plaintiff's leave and reinstatement rights provided to her under the [FMLA].

---

[1]Middleburg-Legacy Place is an Ohio corporation that owns and operates Parkside Villa, a long-term care facility located in the City of Middleburg Heights, Ohio. Jennifer Larsen was formerly the human resources manager at Parkside during the period of Tucker's employment. Tucker was employed by Parkside as a state-tested nursing aide until her termination in January 2007.

15.    The actions of defendants described herein further were not done in good faith or with a reasonable belief that they were in compliance with the [FMLA], thereby entitling plaintiff to recover liquidated damages in accordance with 29 U.S.C. § 2617(a)(1)(A)(iii).

The FMLA regulation referred to in Tucker's Amended Complaint, 29 C.F.R. § 825.301(b)(1), provides that an employer "shall . . . provide the employee [taking FMLA leave] with written notice detailing the specific expectations and obligations of the employee and explaining any consequences of a failure to meet these obligations." Such notice must include, as appropriate, "any requirement for the employee to present a fitness-for-duty certificate to be restored to employment." 29 C.F.R. § 825.301(b)(1)(v). "If an employer fails to provide notice in accordance with the provisions of this section, the employer may not take action against an employee for failure to comply with any provision required to be set forth in the notice." 29 C.F.R. § 825.301(f).

Defendants filed an answer to the Amended Complaint, attaching as an exhibit a copy of the Parkside Villa Employee Handbook (the "Handbook") purportedly provided to Tucker upon her employment at Parkside. Subsequently, defendants filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), arguing that by her own allegations, Tucker was not terminated for failing to present a fitness-for-duty certificate, but rather abandoned her job by not returning to work on the day slated for her return, January 17, 2007. Defendants asserted that Tucker's obligation to return to work after her FMLA leave ended was not one of the matters required to be set forth in a notice under 29 C.F.R. § 825.301(b), and thus she was not terminated "for failure to comply with any notice provision required to be set forth in the notice" under 29 C.F.R. § 825.301(f). Defendants further argued that, as the Handbook showed, Parkside did not have a policy requiring that a fitness-for-duty certificate be presented, thus rendering 29 C.F.R. § 825.301(b)(1)(v) inapplicable.

Plaintiff filed a response to defendants' motion, and the district court referred the matter to a magistrate judge for further scrutiny. On October 9, 2007, the magistrate judge issued a Report and Recommendation, concluding, in pertinent part, that plaintiff failed to allege adequately a violation of FMLA regulations; in particular, the magistrate judge determined that while plaintiff alleged a subjective belief that she was required to present a fitness-for-duty certificate, she failed to allege any concrete facts demonstrating that defendants actually required her to obtain a fitness-for-duty certificate or point to any of defendants' policies and procedures requiring her to obtain such a certificate, so as to trigger the notice requirements of 29 C.F.R. § 825.301(b). The magistrate judge also noted that plaintiff averred that she was terminated for "alleged job abandonment," rather than a failure to provide fitness-for-duty certification. He therefore recommended that defendants' motion for judgment on the pleadings be granted, but further suggested that plaintiff be allowed two weeks to file a proposed amended complaint and supporting motion to cure the defects identified in the Report and Recommendation. Plaintiff filed timely objections to the Report.

On November 5, 2007, the district court issued an Opinion and Order adopting in part the magistrate judge's Report and Recommendation. The court agreed with the magistrate judge that, although Tucker alleged adequately that she took approved FMLA leave and that defendants failed to comply with the written notice requirements of 29 C.F.R. § 825.301(b), she "has not made the plausible allegation that Defendants required her to obtain a fitness-for-duty certificate," either orally or in writing. The district court reasoned:

Plaintiff has further failed to allege she was terminated for failing to present the fitness-for-duty certificate. In ¶ 12 of her Amended Complaint, Plaintiff alleges, "defendants unlawfully terminated plaintiff from her employment for *alleged job abandonment*." (Emphasis added). She does not allege her employment was terminated for failure to provide a fitness-for duty certificate. Plaintiff clearly

alleges she "had been initially cleared to return to work from her medical leave on January 17, 2007." (Amended Complaint at ¶ 9). She did not return to work on that date. Rather, she went to her physician on that day to be examined and to obtain a fitness-for-duty certificate. (Amended Complaint at ¶ 11). Nowhere does Plaintiff indicate she advised Defendants of the doctor's appointment, or otherwise communicated with Defendants on the date of her scheduled return. As the Magistrate Judge noted, the provision in 29 C.F.R. § 825.301(f), barring employer action against an employee for failure to present a fitness-for-duty certificate "is only triggered if the employer ***actually required*** the employee to present a fitness-for-duty certificate." (Emphasis added). Plaintiff's Amended Complaint falls short of the plausibility standard set in [*Bell Atl. Corp. v.*] *Twombley*, [127 S. Ct. 1955 (2007)], *supra*, since she never alleges a fitness-for-duty certificate was required by Defendants, and since her own pleading identifies the reason for her termination as job abandonment. Her Amended Complaint, therefore, lacks factual recitations supporting at least one key element of her claim under 29 C.F.R. § 825.301.

The district court therefore granted defendants' motion for judgment on the pleadings and dismissed the Amended Complaint. The district court, however, did not adopt the magistrate judge's recommendation that plaintiff be allowed to amend her complaint. The district court stated tersely that "[t]here will be no amendment of the pleadings permitted." Tucker now timely appeals the adverse judgment on the pleadings and the district court's order precluding further amendment of the complaint.

## II.

The district court's decision regarding a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is analyzed using the same de novo standard of review employed for a motion to dismiss under Rule 12(b)(6). *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (internal citation and quotation marks omitted). A motion brought pursuant to Rule 12(c) is appropriately granted "when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Id.* at 582 (internal citation and quotation marks omitted).

We recently explained the pleading requirements that are necessary to survive a Rule 12(c) motion:

> In *Bell Atlantic Corp. v. Twombly*, 550 U.S. — , 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id*. at 1964-65 (internal citations omitted). In *Erickson v. Pardus*, 550 U.S. — , 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007), decided two weeks after *Twombly*, however, the Supreme Court affirmed that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id*. at 2200 (quoting *Twombly*, 127 S. Ct. at 1964). The opinion in *Erickson* reiterated that "when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."

*Id*. (citing *Twombly*, 127 S. Ct. at 1965). We read the *Twombly* and *Erickson* decisions in conjunction with one another when reviewing a district court's decision to grant a motion to dismiss for failure to state a claim or a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12.

*Sensations, Inc*., 526 F.3d at 295-96 (footnote omitted).

On appeal, Tucker argues that her Amended Complaint pleads with sufficient specificity that her FMLA-protected right of reinstatement was denied or interfered with through defendants' failure to comply with the requirement imposed by 29 C.F.R. § 825.301(b)(1)(v) to provide plaintiff with notice of her obligation to produce a fitness-for-duty certificate. We disagree.

The FMLA entitles an employee to take up to twelve weeks of unpaid leave, without fear of termination, for a serious health condition that renders the employee unable to perform the functions of his or her job. 29 U.S.C. §§ 2612(a)(1)(D), 2614(a)(1); *Wysong v. Dow Chem. Co.*, 503 F.3d 441, 446 (6th Cir. 2007). An employee returning from a FMLA leave is entitled to reinstatement to the same or equivalent position without a loss of benefits, 29 U.S.C. § 2614, and it is "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under" the FMLA. 29 U.S.C. § 2615(a)(1); *Perry v. Jaguar of Troy*, 353 F.3d 510, 513 (6th Cir. 2003). Under the statutory scheme, "[i]f an FMLA-covered employer has any eligible employees and has any written guidance to employees concerning employee benefits or leave rights, such as in an employee handbook, information concerning FMLA entitlements and employee obligations under the FMLA must be included in the handbook or other document." 29 C.F.R. § 825.301(a)(1).

Pertinent to the present appeal, an employer must "provide the employee with written notice detailing the specific expectations and obligations of the employee and explaining any consequences of a failure to meet these obligations," including, as appropriate, "*any* requirement for the employee to present a fitness-for-duty certificate to be restored to employment." 29 C.F.R. § 825.301(b)(1)(v) (emphasis added). Failure to provide the requisite notice forecloses an employer from taking action against an employee for failure to comply with any provisions required to be set forth in the notice. 29 C.F.R. § 825.301(f).

Despite the fact that Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim" at the complaint stage, *Sensations, Inc*., 526 F.3d at 295-96, we agree with the district court that Tucker's Amended Complaint falls short of even this low threshold. Tucker's Amended Complaint does not allege adequately the existence of a policy requiring Parkside employees to present a fitness-for-duty certificate before returning from FMLA leave, so as to trigger the protection of 29 C.F.R. § 825.301(f). She neither alleges that defendants actually required her to present such a certificate nor that defendants' policies and procedures included such a requirement. Plaintiff only vaguely refers to defendant's "policies and procedures" in her Amended Complaint, without further identification of a policy or its source. While she avers, in Paragraph 10 of the Amended Complaint, a subjective understanding that Parkside had a fitness-for-duty certification requirement, the district court correctly observed that under 29 C.F.R. § 825.301(b), the notice requirement is founded upon an actual policy requiring a fitness-for-duty certificate, not a policy that was merely understood to have such a requirement. Moreover, Tucker fails to allege that she was terminated for failing to present such a certificate. Plaintiff's obtuse allegations indicate, at most, that she failed to show up for work on her scheduled return date and was therefore "unlawfully terminated . . . from her employment for alleged job abandonment." (Amended Complaint, ¶ 12). Accepting as true these inconsistent and confusing allegations contained in the Amended Complaint, the district court properly determined that Tucker had not adequately pleaded a violation of the FMLA notice requirements, as set forth in § 825.301, that deprived her of entitlement to job reinstatement following her FMLA leave. We therefore affirm

the order of the district court granting defendants' motion for judgment on the pleadings pursuant to Rule 12(c).

III.

Plaintiff nonetheless argues that she is entitled to further amend her Amended Complaint to correct these deficiencies in her pleadings. Although Federal Rule of Civil Procedure 15(a)(2) provides that a court "should freely give leave [to amend a complaint] when justice so requires," the right to amend is not absolute or automatic. *Meehan v. United Consumers Club Franchising Corp.*, 312 F.3d 909 (8th Cir. 2002); *Sinay v. Lamson & Sessions Co.*, 948 F.2d 1037, 1041 (6th Cir. 1991). "The district court has discretion in determining whether to permit an amendment, and its decision will be overturned only if it has abused that discretion." *Sinay*, 948 F.2d at 1041. No abuse of discretion occurs when a district court denies a party leave to amend where such leave was never sought. *Id*. at 1042. *See also Meehan*, 312 F.3d at 913 ("A district court does not abuse its discretion in failing to invite an amended complaint when plaintiff has not moved to amend and submitted a proposed amended pleading.") (internal citation and quotation marks omitted).

Here, Tucker never sought leave to amend or submitted proposed new allegations, despite being on clear notice that the sufficiency of her pleadings were being challenged by the filing of defendants' Rule 12(c) motion. Even after the magistrate judge rendered his Report and Recommendation advising that defendants' motion should be granted and suggesting that amendment of the complaint be allowed – thereby providing Tucker with an explicit prompt to do so – Tucker still failed to proffer a motion or proposed amendments. Under these circumstances, the district court "was not required to engage in a guessing game" as to what Tucker might plead to save her claim. *Meehan*, 312 F.3d at 914. *See also Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006) (unpublished) (holding that despite "liberal policy with respect to amendments of defective pleadings" provided by Rule 15, plaintiff was not entitled to amend complaint to correct defects where no motion seeking to amend was filed); *Spadafore v. Gardner*, 330 F.3d 849, 853 (6th Cir. 2003) (rejecting plaintiffs' claim that they were wrongfully denied an opportunity to further amend complaint to correct deficiencies where no motion for leave to amend was ever filed nor was a proposed amendment submitted in any form as required by Rule 15(a)).

We therefore conclude that the district court did not abuse its discretion in denying further amendment of Tucker's Amended Complaint.

IV.

For the reasons stated above, we affirm the judgment of the district court dismissing Tucker's complaint.