**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0689n.06

No.  11-6313

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Jul 29, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| HAL G. LOVE, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE  WESTERN |
| UNITED STATES OF AMERICA, | ) | DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

BEFORE:  GIBBONS, SUTTON, and KETHLEDGE, Circuit Judges.

PER CURIAM.  Hal G. Love, a Tennessee citizen, appeals through counsel a district court judgment granting the government's motion for judgment on the pleadings in an action he filed under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 et seq.

Love filed this complaint in 2010, alleging that the treatment he received from the Veterans Administration amounted to medical malpractice.  Specifically, he alleged that he was not treated for a condition that caused his intestines to collapse one of his lungs and paralyze his diaphragm, rendering him chronically short of breath.

The government filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), pointing out that Love had failed to file a certificate of good faith, as required by Tennessee Code Annotated § 29-26-122.  That statute requires a plaintiff in a medical malpractice

action to state that he has consulted with an expert who has reviewed the medical records and believes that there is a good faith basis for maintaining the action.  The district court twice, on February 22, 2011 and April 22, 2011, granted Love thirty-day extensions to file a certificate of good faith or explain why he could not do so.  On September 21, 2011, Love filed an affidavit from a nurse practitioner who had been practicing in Tennessee since 2001.  The district court thereafter granted the government's motion for judgment on the pleadings, concluding that Love had failed to timely file a certificate of good faith, and that the expert's affidavit he submitted did not comply with Tennessee Code Annotated § 29-26-115(b), which requires that the expert have practiced during the year preceding the alleged wrongful acts.  Love alleged that the VA was aware of his condition and failed to treat him since 1994.

On appeal, Love argues that the government waived the defense of the lack of a certificate of good faith because it did not raise the issue as an affirmative defense in its answer.  Alternatively, he argues that the affidavit of the nurse practitioner was sufficient to comply with the statute.  Finally, he complains that the district court failed to hold a hearing on the motion for judgment on the pleadings.  We review a judgment on the pleadings de novo.  *Tucker v. Middleburg-Legacy Place, LLC*, 539 F.3d 545, 549 (6th Cir. 2008).

Love's first argument is that the government waived the defense of failure to file a certificate of good faith by not raising it as an affirmative defense in its answer.  The government contests this interpretation, asserting that it alleged that Love failed to state a claim, an allegation sufficient to raise the defense.  We need not resolve the dispute, however, as a defense is not necessarily waived if it is raised by motion, the plaintiff has the opportunity to respond, and no prejudice results.  *See*

No. 11-6313
*Love v. United States*

*Smith v. Sushka*, 117 F.3d 965, 969 (6th Cir. 1997). Here, the district court provided Love with ample opportunity to respond to the defense motion. Moreover, Love did not argue below that the government had waived this defense by failing to raise it in its answer. Absent exceptional circumstances not present here, we do not consider arguments raised for the first time on appeal. *See United States v. Isaiah*, 434 F.3d 513, 522 (6th Cir. 2006).

Love next argues that the affidavit he submitted was sufficient to comply with the statute. However, he fails to note that he did not submit the affidavit timely. The district court also found that Love's expert was not qualified under the statute. Finally, Love complains that no hearing was held. However, he admits that there is no requirement for a hearing in the statute and, again, he did not request a hearing below.

Accordingly, we affirm the district court's judgment.