NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0448n.06

Case No. 14-4107

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

FILED
Jun 15, 2015
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| ANGELO ROBINSON, | ) | |
| Plaintiff-Appellant, | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| WANZA JACKSON, | ) | THE SOUTHERN DISTRICT OF |
| | ) | OHIO |
| Defendant-Appellee. | ) | |
| | ) | |
| | ) | |
| | ) | OPINION |
| | ) | |

Before: McKEAGUE and DONALD, Circuit Judges; and MATTICE, District Judge.[*]

**BERNICE BOUIE DONALD, Circuit Judge.** Plaintiff-Appellant Angelo Robinson ("Robinson") appeals from a district court order granting judgment on the pleadings to Defendant-Appellee Wanza Jackson ("Jackson") regarding his claims against the Ohio Department of Rehabilitation and Correction ("ODRC"). Robinson, a prisoner incarcerated at the London Correctional Institution ("LCI"), alleged that Jackson and other prison officials[1]

---

[*]The Honorable Harry S. Mattice, Jr., United States District Judge for the Eastern District of Tennessee, sitting by designation.

[1]Robinson initially filed his complaint against Jackson, the Religious Services Administrator for the ODRC, as well as George Crutchfield and Matthew Stricklin, in their respective roles as Warden and Chaplain of Warren Correctional Institution ("WCI"). At the time he filed his complaint, Robinson was incarcerated at WCI; however,

violated his statutory and constitutional rights when they refused to accommodate his requests for Halal meals. The district court found that Robinson's constitutional and statutory rights had not been violated and granted Jackson's motion for judgment on the pleadings. We **AFFIRM**.

## I.

Robinson is a "devout Muslim who sincerely adheres to the Islamic faith." Like others of his faith, Robinson believes he must follow the tenets of the Qur'an, including those regarding the food he eats, which is termed "Halal" in the religious text. Not all Muslims restrict their diets to Halal foods, but some believe that doing so is required by their religion. Under Halal rules as discussed in the complaint, Robinson may "only eat meat that has been slaughtered in accordance with Islamic law (*i.e.*, by slitting the animal's neck and allowing the blood to drain), and [must] refrain from eating pork, food containing alcohol, and any food contaminated with pork or alcohol."

During his incarceration, Robinson asked several times to be provided with Halal meals. The request was "not approved" as "[t]he department provides a vegetarian meal" and Robinson was in fact being provided vegetarian meals. As the vegetarian meals contain no meat or alcohol, the prison argued it was already serving Robinson meals that met Halal rules.

After exhausting his administrative appeals, Robinson filed the present complaint in federal court. Robinson avers that the ODRC refuses to provide him Halal meals and that this refusal violates his statutory and constitutional rights because it 1) substantially burdens his sincerely-held religious beliefs in violation of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"); 2) prevents free exercise of his religion in violation of the First Amendment; and 3) constitutes a violation of the Equal Protection Clause of the Fourteenth

---

he has since been transferred to LCI. As a result of the transfer, Crutchfield and Stricklin were dismissed as defendants.

Amendment given that the ODRC does provide Kosher meals to Jewish inmates. Jackson, named in her official capacity as Religious Services Administrator for the ODRC, filed a motion for judgment on the pleadings, which the district court granted on all three claims. Robinson appeals.

## II.

## A.

We review *de novo* a district court's grant of judgment on the pleadings. *Kia Motors Am., Inc. v. Glassman Oldsmobile Saab Hyundai, Inc.*, 706 F.3d 733, 737 (6th Cir. 2013). In so doing, we analyze the district court's decision using the same "review employed for a motion to dismiss under Rule 12(b)(6)." *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549-50 (6th Cir. 2008). Accordingly, a motion for judgment on the pleadings is appropriately granted "when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Id.* at 549 (quoting *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007)) (internal quotation marks omitted). We must take all of Robinson's "well-pleaded material allegations as true" and may only grant the motion if Jackson is "nevertheless clearly entitled to judgment." *See id.* (quoting *JPMorgan*, 510 F.3d at 581). However, we are not bound to accept Robinson's legal allegations and conclusions as true if they are not supported by facts. *See In re Darvocet, Darvon, & Propoxyphene Prods. Liab. Litig.*, 756 F.3d 917, 926 (6th Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) ("The plausibility standard is met when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (internal quotation marks omitted). Thus, in order for his claims to survive, Robinson must present "more than a

sheer possibility" that Jackson infringed his rights. *Id.* (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted).

**B.**

As a preliminary matter, Robinson argues that the district court erred because it "improperly relied on extrinsic evidence outside of the four corners of the pleadings without giving [him] proper notice." Specifically, Robinson alleges that several of the district court's findings—including that 1) the prison's vegetarian meals were "*per se* Halal," and 2) that Jewish and Muslim inmates are not similarly situated under a Fourth Amendment analysis—were based on information *dehors* the pleadings. After reviewing the record, we disagree.

We have held that a district court is entitled to evaluate a Rule 12(c) motion based not only on the pleadings but also on "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint[.]" *Henry v. Chesapeake Appalachia, L.L.C.*, 739 F.3d 909, 912 (6th Cir. 2014) (quoting *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008)) (internal quotation marks omitted). Here, the district court relied in part on Robinson's own definition of Halal meals to determine that a vegetarian option would address his needs; that the court also relied on an exhibit attached to Robinson's complaint and case law from this Circuit was not improper. *See Henry*, 739 F.3d at 912. Similarly, the district court relied on particulars from the record regarding the relative cost of Kosher meals and the number of Jewish and Muslim inmates, as well as information from the public record, in its Fourteenth Amendment analysis. The district court did not err by incorporating that information into its analysis. We therefore proceed to the merits of his case.

**C.**

Robinson's first claim is that Jackson violated his rights under the RLUIPA when she

denied him Halal meals.  Under the RLUIPA,

> No government shall impose a substantial burden on the religious
> exercise of a person residing in or confined to an institution . . .
> even if the burden results from a rule of general applicability,
> unless the government demonstrates that imposition of the burden
> on that person—(1) is in furtherance of a compelling governmental
> interest; and (2) is the least restrictive means of furthering that
> compelling governmental interest.

42 U.S.C. § 2000cc–1(a); *see also Holt v. Hobbs*, 135 S. Ct. 853, 860 (2015).  Accordingly, "[i]f

a plaintiff produces *prima facie* evidence to support a claim alleging a violation of [the

RLUIPA], the government shall bear the burden of persuasion[.]"  42 U.S.C. § 2000cc-2(b).

Robinson notes that the legislative history accompanying the RLUIPA suggests a concern

to protect a prisoner who is denied Halal meals during his incarceration.  *See Cutter v. Wilkinson*,

544 U.S. 709, 716 n.5 (2005).  However, by Robinson's own definition, a meal containing no

meat or alcohol qualifies as Halal.  According to the defendants, the vegetarian meals provided

to him by the prison meet this definition.  Robinson has not alleged otherwise.[2]

We have explicitly held that vegetarian meals are, in fact, Halal.  *Abdullah v. Fard*, No.

97-3935, 1999 WL 98529 at *1 (6th Cir. Jan. 28, 1999).  In *Abdullah*, a Muslim man

incarcerated in Ohio sued prison officials, alleging that they would not provide him Halal meat

and that their failure to do so violated his right to equal protection.  *Id*.  The district court granted

summary judgment to the defendants.  On appeal, we first considered Abdullah's claim that the

prison was serving him non-Halal meals, and rejected this argument:

---

[2]As noted by the district court, Robinson alleged in his Motion for Temporary Restraining Order against WCI that "the food that is available is contaminated by uten[s]ils and gloves that touch non-Halal food."  Robinson did not renew this allegation in the complaint underlying the present appeal, nor does he repeat the contamination argument on appeal.

> Abdullah averred that a prohibition against non-*Halal* meat was fundamental to his religion. However, he can comply with this prohibition by eating vegetarian meals. Thus, Abdullah's First Amendment claim fails because the disputed policy did not force him to violate his religion.

*Id*. (citing *Abdur-Rahman v. Mich. Dep't Corrs.*, 65 F.3d 489, 491 (6th Cir. 1995). Other district courts in this Circuit have since applied the logic of *Abdullah* in the context of RLUIPA claims. *See, e.g., Hudson v. Caruso*, 748 F. Supp. 2d 721, 729-30 (W.D. Mich. 2010) (holding that providing a Muslim inmate vegetarian entrees without providing Halal meat entrees did not substantially burden free exercise); *Cloyd v. Dulin*, No. 3:12-CV-1088, 2012 WL 5995234, at *4 (M.D. Tenn. Nov. 30, 2012) (citing *Abdullah*, 1999 WL 98529 at *1) ("Muslim prisoners do not have a right under the First Amendment or the RLUIPA to be provided [H]alal meat entrees; rather, a correctional facility need only provide Muslim prisoners with food that is not 'haram' (impermissible)."). Thus, as the district court found, Robinson is not being denied Halal meals; he therefore fails to state a claim as a matter of law under the RLUIPA.

Robinson's First Amendment claim suffers a similar fate for similar reasons. Under the First Amendment, inmates have the right to the free exercise of their religion. *Cruz v. Bezo*, 405 U.S. 319, 322 (1972). However, like Abdullah, Robinson is receiving meals that do not violate his religion. And while he may prefer to be served "[H]alal meat entrees rather than vegetarian entrees and non-meat substitutes, his food preferences, as a prisoner, are limited." *Cloyd*, 2012 WL 5995234, at *4; *see also Rhodes v. Chapman*, 452 U.S. 337, 349 (1981) ("The Constitution does not mandate comfortable prisons."). Prisoners have a constitutional right to meals that meet their nutritional needs; indeed, they have a constitutional right to be served meals that do not violate their sincerely-held religious beliefs. *Colvin v. Caruso*, 605 F. 3d 282, 290 (6th Cir. 2010). But there is no constitutional right for each prisoner to be served the specific foods he

desires—such as Halal meat—in prison. *See Spies v. Voiovich*, 173 F.3d 398, 406-07 (6th Cir. 1999) (holding that providing a Buddhist prisoner with a vegetarian diet but not a vegan diet was constitutionally permissible, and "the fact that Plaintiffs dislike the alternate diet available does not render it unreasonable or legally deficient.").

We therefore agree with the district court that Robinson has not presented "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" for the simple reason he alleges no specific misconduct. *Iqbal*, 556 U.S. at 678. Without a plausible allegation that Jackson has violated Robinson's free exercise of religion, Robinson fails to state a First Amendment claim as a matter of law.

Robinson's equal protection claim also fails on these grounds. Robinson argues that, because the ODRC provides Kosher meals to Jewish inmates but does not provide Halal meals to Muslim inmates, the department is discriminating against him and those of his faith in violation of the Fourteenth Amendment. The Equal Protection Clause provides that "[n]o state shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV § 1. It is in essence "a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). Thus, to prevail on an equal protection claim, Robinson must demonstrate that the ODRC's provision of Kosher, but not Halal, meals constitutes disparate treatment of similarly-situated individuals. *See Abdullah*, 1999 WL 98529 at *2. He must further prove that the disparate treatment in question is the result of intentional and purposeful discrimination. *Id*.

Again, the rationale of *Abdullah* is on point. In addition to making a First Amendment claim, Abdullah also alleged that the prison's provision of Kosher meals to Jewish inmates violated the Equal Protection Clause. In light of the fact that the prison's policy was "rationally

related to legitimate penological interests[,]" we found that "Abdullah's equal protection claim lack[ed] merit, as he did not show that the policy was motivated by discriminatory intent." *Id*. at *2 (citing *Thompson v. Kentucky*, 712 F.2d 1078, 1081-82 (6th Cir. 1983)). The same is true in the case at bar. As discussed *supra*, Robinson's complaint fails to allege that he was, in fact, denied a diet consistent with Halal requirements. Assuming he had done so, we must also find that Jewish and Muslim inmates are similarly-situated in context—an assertion he does not develop other than to plainly state that "Jewish inmates in ODRC custody receive Kosher meals."[3] Even assuming both of those elements are met, Robinson fails to allege that the ORDC is not providing Halal meals pursuant to intentional or purposeful discrimination. *See Abdullah*, 1999 WL 98529 at *2; *see also Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 815-16 (8th Cir. 2008) (rejecting a Muslim prisoner's equal protection claim on summary judgment because he had not presented evidence that prison officials had refused to provide Halal meals based on discriminatory intent). Therefore, Robinson fails to state a valid equal protection claim as a matter of law. The district court's decision to grant judgment on the pleadings to Jackson was therefore not improper.

## III.

Based on the foregoing analysis, we **AFFIRM** the decision of the district court.

---

[3]The district court addresses this argument by stating that Jewish and Muslim inmates "are not similarly situated because they differ greatly in number." As Robinson's claims fail for other reasons, we do not reach this numerical rationale for declaring two inmate populations "similarly-situated" for the purposes of a Fourteenth-Amendment analysis, but we note our concern regarding its merits.