NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No. 17-1831

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

ANTHONY EDWARDS,

    Plaintiff-Appellant,

v.

BRADLEY ROUGEAU,

    Defendant-Appellee.

)
)
)
)
)
)
)
)
)
)
)

FILED
Jun 11, 2018
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN

---

**BEFORE: KEITH, ROGERS and KETHLEDGE, Circuit Judges.**

**DAMON J. KEITH, Circuit Judge.** Plaintiff-Appellant Anthony Edwards ("Edwards") was mistakenly made the subject of an arrest warrant and was subsequently arrested pursuant to that warrant. After approximately eight days, law enforcement officers confirmed that Edwards' arrest was in error, and released him. Edwards sued eight police officers, including Defendant-Appellee Bradley Rougeau ("Rougeau"), for violating his constitutional rights. The claims against seven of the defendants were voluntarily dismissed without prejudice, and the district court ruled in favor of Rougeau on the pleadings. Edwards appealed. For the reasons set forth below, we **AFFIRM**.

## I. FACTS

On October 2, 2013, law enforcement officers arrested Edwards pursuant to a state arrest warrant signed in Ann Arbor, Michigan. Edwards' correct full name and address were listed on the warrant. Edwards informed the officers that his identity had been stolen in 2009, and that he was not the person they sought. At Edwards' arraignment the following day, the judge ordered

the sheriff to use Edwards' fingerprints to ascertain whether he was the individual sought by law enforcement. Sometime during the next seven days, the officers determined that Edwards was not the person who was the subject of the arrest warrant. Approximately eight days after his arrest, Edwards was released from custody and the county prosecutor moved the court to dismiss the charges against him.

On April 26, 2016, Edwards sued eight police officers, including Rougeau, alleging that they had violated his Fourth and Fourteenth Amendment rights by falsely imprisoning him and depriving him of liberty without due process. On June 22, 2016, Edwards filed an Amended Complaint. On July 7, 2016, Rougeau filed an Answer to the Amended Complaint. On September 26, 2016, Rougeau moved the district court for judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c). Rougeau's motion argued that the Amended Complaint did not contain specific factual allegations against him sufficient to state a plausible claim for relief. Rougeau's motion also invoked a qualified immunity defense.

On February 22, 2017, the district court held a hearing on Rougeau's motion. During the hearing, Edwards' counsel initially suggested that he could make more specific allegations against Rougeau if he were able to conduct more discovery and amend the complaint again. Upon further questioning from the court, however, Edwards' counsel conceded that he could not make any new specific allegations against Rougeau at that time.

On July 11, 2017, the district court entered judgment in favor of Rougeau, reasoning that Edwards had not pleaded any specific factual allegations that Rougeau either committed misconduct in procuring the warrant or played any role in Edwards' post-arrest detention. The district court also found that, even if sufficient facts had been pleaded to support those allegations, Rougeau was entitled to qualified immunity. The district court dismissed the claims against

Rougeau with prejudice, stating that Edwards' counsel had admitted during the hearing that he was unable to identify any new specific factual allegations against Rougeau, and that any further amendment to the complaint would be futile.

Edwards appealed the district court's decision, arguing that the Amended Complaint contains sufficient factual allegations to survive a Rule 12(c) motion, and that Rougeau is not entitled to qualified immunity. Rougeau's arguments on appeal mirror the reasoning of the district court's opinion.

## II. STANDARD OF REVIEW

Under Rule 12(c), a party may move the court for judgment on the pleadings after the pleadings are closed. *See* Fed. R. Civ. P. 12(c). "The district court's decision regarding a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is analyzed using the same de novo standard of review employed for a motion to dismiss under Rule 12(b)(6)." *Fla. Power Corp. v. FirstEnergy Corp.*, 810 F.3d 996, 999 (6th Cir. 2015) (quoting *Tucker v. Middleburg–Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008)).

## III. DISCUSSION

To survive a Rule 12(c) motion, "[t]he factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of

entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)) (internal citation omitted).

"We take as true all well-pleaded material allegations in the opposing party's pleadings, and affirm the district court's grant of the motion only if the moving party is entitled to judgment as a matter of law." *Fla. Power Corp.*, 810 F.3d at 999-1000 (citing *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007)). Courts should grant a Rule 12(c) motion if the complaint "tenders 'naked assertions' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

The most specific and factually substantive allegations in the Amended Complaint are that: (1) after Edwards' arrest, each of the officers had visual or other identification of Edwards and, therefore, should have been able to visually or otherwise confirm that he was not the subject of the arrest warrant; and (2) each of the eight officers continued Edwards' detention despite having this constructive knowledge. The Amended Complaint does not expound upon these allegations in any way, and fails to explain how or why any of the officers, including Rougeau, would or should have known that Edwards was not the subject of the arrest warrant. Nor does the complaint contain any factual allegations regarding Rougeau's application for a warrant, let alone any suggesting he intentionally misled or intentionally omitted information to obtain the warrant. This is what *Iqbal* referred to as "naked assertions devoid of further factual enhancement." In other words, these assertions do not "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Edwards also contends that the district court should have permitted him to amend his complaint for a second time. But his counsel conceded at the hearing before the district court that,

even if given leave to amend, he was not aware of additional facts that could establish Rougeau's liability.

## IV. CONCLUSION

For the abovementioned reasons, we find that Edwards' Amended Complaint does not contain sufficient factual matter to state a claim to relief that is plausible on its face. Therefore, we **AFFIRM** the decision of the district court.