NOT RECOMMENDED FOR PUBLICATION
File Name: 19a0417n.06

No. 18-3776

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Aug 12, 2019
DEBORAH S. HUNT, Clerk

MAXUM INDEMNITY COMPANY,

      Plaintiff-Appellee,

v.

THE ROBBINS COMPANY,

      Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO

BEFORE: **BATCHELDER, McKEAGUE, and NALBANDIAN, Circuit Judges.**

**ALICE M. BATCHELDER, Circuit Judge.** The Robbins Company ("Robbins") leased a tunnel-boring machine (TBM) to a consortium known as JCM, Northlink LLC ("JCM"). When the TBM failed, JCM initiated arbitration against Robbins for breach of contract, seeking more than $40 million in damages. Robbins asked its insurance company, Maxum Indemnity Corporation ("Maxum"), to defend it in the arbitration. Maxum filed this action in federal court seeking declaratory judgment arguing that it owed neither a duty to defend nor a duty to indemnify Robbins in the arbitration. Maxum moved for judgment on the pleadings, which the district court granted. Robbins filed Federal Rules of Civil Procedure 60(b) and 59(e) motions for reconsideration or to alter or amend the judgment, but the district court denied both motions. Robbins then appealed to this court. We **AFFIRM.**

**I.**

In 2013, Robbins leased to JCM a TBM for a project in Seattle, WA. In December 2015, an internal bearing in the TBM shattered, which caused the TBM to stop working. JCM terminated its lease with Robbins and, in May 2016, commenced arbitration against Robbins in the International Chamber of Commerce. In its request for arbitration, JCM said it was terminating the contract because the contract called for a TBM "free from all latent defects in materials or workmanship." JCM provided a laundry list of problems with the TBM and asserted damages of "at least $40,242,052.20 . . . as a result of [Robbins's] breach of contract." JCM provided no itemization of the damages it was seeking.

In August 2017—fifteen months after JCM commenced arbitration—Robbins reported the arbitration to its insurance company, Maxum, and requested coverage. Upon receipt of Robbins's request, Maxum filed an action for declaratory judgment that it did not have a duty to defend or indemnify Robbins in the underlying arbitration. Maxum gave several reasons for denying coverage, including that the property damage alleged by JCM was to Robbins's own product (the TBM) and damage to the insured's own equipment was excluded from coverage, and that the claim was excluded by the "breach of contract" exclusion. Maxum filed a motion for judgment on the pleadings. Robbins opposed the motion, saying that "Maxum's Complaint and attachments do not provide sufficient facts to enable this Court to make an insurance-coverage determination. There are facts outside of the underlying Request for Arbitration attached to Maxum's Complaint that establish insurance coverage as a matter of law." Robbins said further that, "Although the allegations asserted in the Request for Arbitration against Robbins establish Maxum's duty to defend under applicable insurance policies, the parties to the arbitration are not obligated to clarify, categorize, and itemize their claims and damages until February 15, 2018." Robbins argued that

Maxum's motion should either be denied or converted to a motion for summary judgment pursuant to Rule 56(d) and the court should wait to rule until the claims were clarified and a coverage determination could be made.

The district court granted Maxum's motion. The court declined Robbins's request that it wait to rule, noting that, "if as [Maxum] suggests . . . JCM's Request for Arbitration in the Underlying Arbitration does not arguably trigger coverage under the Policies, it will not be necessary for the court to consider matters outside of the pleadings, and the instant Motion is properly before the court as one for judgment on the pleadings." The court gave several reasons for granting judgment for Maxum. As relevant here, the court said the policies specifically excluded contractual damages, and contractual damages were exactly what JCM was seeking from Robbins. Additionally, the court found coverage was precluded because of "the exclusion for damage relating solely to a contractor's own work."

Robbins promptly filed a motion for relief from judgment under Rule 60(b)(1) and (2), or in the alternative, to alter or amend the judgment under Rule 59(e). Robbins made two arguments in support of its motion. First, Robbins stated that "[a]fter the parties briefed Maxum's Motion for Judgment on the Pleadings but before [the district court] issued its Order, JCM served Robbins" with an itemization and categorization of damages. This itemization included claims for "Sink Hole Costs" and "SB Tunnel Excess Leak Remediation." Robbins claimed that based on the itemization, "JCM may be asserting claims concerning the sort of 'consequential property damage' covered by a CGL policy." Second, Robbins argued that the court should "reconsider the law relating to the exercise of discretionary jurisdiction" and find that it had improperly exercised jurisdiction under the Declaratory Judgment Act.

Maxum opposed the motion, claiming that, regarding the allegedly new evidence, "the Itemization was available and known to Robbins over a month prior to entry of judgment; therefore, it is not 'newly discovered' and cannot support Relief under Rule 59 or 60." Regarding Robbins's argument about discretionary jurisdiction, Maxum claimed the argument was new and therefore improper for a Rule 60(b) or Rule 59(e) motion. The court denied the motion. The court rejected all of Robbins's attempts to explain why the itemization should be considered "newly discovered evidence," and regarding the jurisdictional argument, stated that "while [Robbins] may have argued at various points in its briefing that the court should reserve its ruling and indicated its intention to file a stay, it never offered any objection to the court's discretionary jurisdiction altogether." In any event, the court held, the exercise of jurisdiction in this case was permissible under the *Grand Trunk* factors. Robbins timely appealed.

## II.

In this declaratory judgment action, Maxum moved for judgment on the pleadings. Robbins argues that the district court erred in granting the motion; we review that order de novo. *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008). "[A]ll well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Id.* (quotation omitted). Like the district court, we apply Ohio law, which both parties agree governs this dispute.

*The breach-of-contract exclusion.* The insurance policy at issue contains a breach-of-contract exclusion that reads:

> This insurance does not apply to any claim or "suit" for breach of contract, whether express or oral, nor claims for breach of an implied in law or implied in fact contract, whether "bodily injury", "property damage", "advertising injury", "personal injury" or an "occurrence"

>    is alleged. . . . Furthermore, no obligation to defend will arise or be
>    provided by the Company for such excluded claims[.]

JCM stated in its request for arbitration that it was seeking over $40 million in damages "as a result of [Robbins's] performance on this contract." Later in the same request, JCM said it was seeking "damages as a result of [Robbins's] breach of contract." At no point did JCM allude to any non-contract damages. The breach-of-contract exclusion unequivocally covers JCM's claim.

In holding that the insurance policy excluded coverage for JCM's claim, the district court did not rely on the exclusion quoted above. Instead, it relied on two exclusions which are inapplicable to JCM's claim. First, the district court cited to an exclusion in the policy that excludes coverage for "'property damage' for which the Insured is obligated to pay 'damages' by reason of the assumption of liability in a contract or agreement." This exclusion is irrelevant here because neither JCM nor Maxum argues that Robbins assumed liability under the contract.

Second, the district court relied on an exclusion for "property damage" to "[p]roperty you own, rent or occupy." Robbins owned the TBM, but JCM was not seeking damages for the TBM. Rather, JCM was seeking damages for Robbins's failure to provide a working TBM as promised in the contract. Therefore, this exclusion does not apply.

Although the district court relied on exclusions that do not apply, because the court found that breach-of-contract claims are excluded, its error is harmless. *McDole v. City of Saginaw*, 471 F. App'x 464, 471 (6th Cir. 2012) (harmless error does not exist when there would not have been a different outcome at trial).

*Scope of the allegations.* Robbins argues also that the breach-of-contract exclusion is irrelevant insofar as JCM advanced claims that were not contractual. Robbins posits that the district court did not realize JCM may have been advancing covered claims because the court ignored the full scope of allegations and based its decision that Maxum had no duty to defend

solely on the Request for Arbitration; had the district court considered additional documents Robbins submitted, it would have been compelled to find that Maxum had a duty to defend. Robbins argues that the district court misunderstood that, under the rules of arbitration, allegations may be presented in numerous submissions throughout the arbitration, and there is no "complaint" setting forth all the allegations in one place, as there is in litigation. Citing the Ohio Supreme Court case *City of Willoughby Hills v. Cincinnati Insurance Company*, Robbins argues that an insurance company has a duty to defend whenever the allegations in a complaint "potentially or arguably" state a claim within the policy. 459 N.E.2d 555, 558 (Ohio 1984). So, Robbins argues, because there is no analogous "complaint" in arbitration, the district court must consider all the documents it submitted, and had it done so, the court would have been compelled to find JCM was "potentially or arguably" stating a claim that was covered by the policy.

We are not persuaded that the difference between the scope of allegations in litigation and arbitration is as stark as Robbins would have us believe. In litigation, plaintiffs need provide no more than "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Furthermore, Federal Rule of Civil Procedure 15 provides mechanisms by which a party may amend its pleadings. Indeed, *Willoughby Hills* says that the reason an insurer must defend whenever a claim "potentially or arguably" triggers the duty to defend is because "pleadings alone may not provide sufficient factual information to determine whether the insurer has an obligation to defend the insured." *Willoughby Hills*, 459 N.E.2d at 558. In other words, it is precisely because notice pleading does not provide much information that an insurer must step in to provide a defense at the outset whenever it is possible a covered claim has been advanced. Therefore, even accepting as true Robbins's characterization of arbitration as a fluid process, it is not considerably different from litigation.

But even if the court erred by failing to consider the additional documents Robbins submitted, the error was harmless. *McDole*, 471 F. App'x at 471. Robbins had the burden of proving the JCM's allegations triggered Maxum's duty to defend. *Ferro Corp. v. Cookson Grp.*, 561 F. Supp. 2d 888, 898 (N.D. Ohio 2008), *aff'd sub nom. Ferro Corp. v. Cookson Grp., PLC*, 585 F.3d 946 (6th Cir. 2009) (holding that it is the insured's burden to show that the allegations arguably bring the claims within the policy's coverage). Robbins argues that the district court should have found Maxum had a duty to defend because of several pieces of evidence.

Robbins first cites to the initial Request for Arbitration and notes that it referenced "fractures," "overheating and tripping," "plugging," various types of failures, and "lack of due care and diligence." But these terms do not describe JCM's claims for damages; rather, they describe the faults with the TBM, and Robbins's maintenance of it, that resulted in the alleged breach of contract. Therefore, these descriptions are irrelevant to Maxum's duty to defend.

Next, Robbins cites to a declaration from Thomas Cardone, an attorney for Robbins in the dispute. The declaration says that the Request "does not represent the full scope of claims or damages asserted by JCM against Robbins." But nothing in the declaration suggests that any additional claims or damages would be covered damages. The declaration does say that JCM may seek damages for "delay," but project delays are contractual damages and therefore were not covered under Maxum's policy. *Westfield Ins. Co. v. Coastal Grp., Inc.*, 2006 WL 120041, at *2 (Ohio Ct. App. Jan. 18, 2006) ("[D]elay is a risk inherent in construction contracts, not an 'accident' and therefore, not an 'occurrence.'"). Cardone's declaration included an attachment from the tribunal in the arbitration stating that the deadline for "itemization of claims and damages agreed upon" was February 15, 2018. But nothing in the attachment suggested that the itemized damages would be covered damages. Furthermore, as discussed below, Robbins had the

itemization prior to the district court's ruling but failed to provide it to the court in time for the court to consider it. The district court could not err in failing to consider a document it did not have.

Finally, Robbins cites to a declaration from Matthew Greger, the project manager for Robbins on the JCM contract. That declaration says only that "JCM has not provided a detailed itemization of its alleged $40 million in damages as asserted in arbitration against Robbins." This statement does not establish that JCM is seeking damages that would be covered under the insurance policy.[1]

Robbins's best opportunity to persuade the district court that Maxum had a duty to defend was contained in the itemization Robbins obtained from JCM on February 15, 2018. The district court did not rule until March 22, 2018. Had Robbins provided the itemization to the district court when Robbins received it, the district court might have found Maxum had a duty to defend because the itemization contains line items for "SB Tunnel Excess Leak Remediation" and "Sink Hole Costs"—descriptions that could indicate possible consequential property damage covered by the policy. Here, Robbins is the victim of its own delay, and an appellate court does not exist to give litigants a second bite at the apple. Therefore, we decline to consider the itemization for the first time here.

*Ripeness*. Robbins argues that the district court lacked subject-matter jurisdiction to issue its declaratory judgment because the dispute was not ripe. "[A] claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Kiser v. Reitz*, 765 F.3d 601, 606 (6th Cir. 2014) (quoting *Texas v. United States*, 523 U.S.

---

[1] Robbins cites to other documents that contain additional information about the nature of JCM's claim, but these documents were not before the district court at the time of its ruling.

296, 300 (1998)).  We review de novo a district court's ripeness decision.  *In re Cassim*, 594 F.3d 432, 437 (6th Cir. 2010).

As Robbins sees it, because Maxum sought a declaration that it lacked a duty to defend in the entire underlying arbitration, which could include "future allegations asserted against Robbins, allegations asserted outside of the initial Request for Arbitration, and Maxum's duty to indemnify," the matter was not yet ripe and the district court's rule was overbroad.  But the dispute as to whether Maxum owed a duty to defend was unquestionably a live controversy at the time of the district court's ruling.  That is why we have found such declaratory judgment actions proper in the past. *See, e.g., W. Am. Ins. Co. v. Prewitt*, 208 F. App'x 393, 400 (6th Cir. 2006) (affirming a district court's granting a declaratory judgment to an insurer that argued it had no duty to defend or indemnify an insured in an underlying tort dispute).

Robbins claims that the question of Maxum's duty to indemnify "requires consideration of actual liability as adjudged in the underlying proceeding," but this is not true when there is no duty to defend.  The duty to defend is broader than the duty to indemnify; therefore, in the absence of a duty to defend, there is no duty to indemnify.  *Granger v. Auto-Owners Ins.*, 40 N.E.3d 1110, 1115 (Ohio 2015) (holding that the "duty of an insurer to defend an insured is a broad duty—broader than the duty to indemnify"); *Northland Ins. Co. v. Stewart Title Guar. Co.*, 327 F.3d 448, 454 (6th Cir. 2003) (upholding the district court's decision that an insurer had no duty to defend or indemnify in an ongoing, underlying dispute).

The district court did not err in granting Maxum's motion for judgment on the pleadings.

## III.

Robbins argues also that the district court improperly exercised its declaratory judgment jurisdiction.  "We review a district court's decision to exercise jurisdiction over a declaratory

judgment action for abuse of discretion." *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 554 (6th Cir. 2008).

Robbins did not make this jurisdictional argument before the district court. A challenge to the court's discretionary jurisdiction is not a challenge to non-waivable subject matter jurisdiction because "the issue presented is not actually a jurisdictional challenge but a question of the propriety of the district court's decision to exercise its discretion with respect to the subject matter jurisdiction granted it by Congress in the Declaratory Judgment Act. Accordingly, traditional rules regarding the waiver of issues apply." *Id.* at 552 (citation omitted). Therefore, Robbins has forfeited this argument.

Robbins protests that this is unfair, because:

> "Until the District Court issued its order that not only claims expressly stated in the request for arbitration attached to Maxum's declaratory judgment complaint, but all other claims ultimately asserted and decided in the arbitration would be subject to the District Court's order, Robbins had no indication that the District Court would seek to invade the authority and judgment of the arbitrator in such a manner, thereby making its exercise of discretionary jurisdiction improper under the factors set forth in *Grand Trunk Western Rail Road v. Consolidated Rail Corporation*, 746 F.2d 323 (6th Cir. 1984)."

But Robbins's admits in its first brief that Maxum put it on notice that it was seeking a declaration of the duty to defend in the *entire* underlying arbitration. There Robbins said, "Maxum[] . . . did not limit the scope of relief sought to the claims asserted in the initial Request for Arbitration. Rather, Maxum sought declaratory judgment as to its duty to defend the entire 'Underlying Arbitration.'" Although the Sixth Circuit has, "on occasion, deviated from the general [waiver] rule in exceptional cases or particular circumstances or when the rule would produce a plain miscarriage of justice," Robbins cannot argue that there is an "exceptional circumstance" when Maxum made it very clear what it was asking for when it first filed its declaratory judgment action.

*Foster v. Barilow*, 6 F.3d 405, 407 (6th Cir. 1993) (quotation omitted). Even if it would have been improper for the district court to grant Maxum's request, Robbins was still on notice that the court might do so, and by not responding to Maxum's demand, Robbins forfeited any objections.

**IV.**

Robbins next argues the district court improperly denied its Rule 59(e) motion to alter or amend the judgment. We review for abuse of discretion a district court's denial of a Rule 59(e) motion. *Michigan Flyer LLC v. Wayne Cty. Airport Auth.*, 860 F.3d 425, 431 (6th Cir. 2017).

Robbins argues first that the February 15 itemization constituted "newly discovered evidence." Pursuant to Rule 59(e), "newly discovered evidence" may serve as the basis for altering or amending a judgment subject to the limitation that "the evidence must have been previously unavailable." *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). There is no sense in which the itemization of damages was "newly discovered," given that Robbins had it for over a month prior to the district court's ruling. Rule 59(e) does not exist to correct a misguided legal strategy or litigate matters that could have been litigated previously. *See Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) ("Rule 59(e) permits a court to alter or amend a judgment, but it may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.") (quoting 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, pp. 127–128 (2d ed.1995)). Therefore, Robbins's first argument fails.

Robbins's second argument is that refusal to consider the February 15 itemization would result in a manifest injustice to Robbins. But as we explained in Part II *supra*, Robbins was on notice that Maxum was seeking a declaration as to the entire underlying arbitration. There was no surprise to Robbins, and therefore no manifest injustice.

The district court did not abuse its discretion in denying Robbins's motion to alter or amend the judgment.

## V.

For the forgoing reasons, we **AFFIRM** the judgment of the district court.