BATCHELDER, J., delivered the opinion of the court in which GIBBONS, J., joined. MERRITT, J. (pp. 778-79), delivered a separate dissenting opinion.
OPINION
ALICE M. BATCHELDER, Circuit Judge.
Lee Moore, convicted of kidnapping, robbing, and murdering Melvin Olinger, appeals the district court judgment that denied his motion for relief from judgment filed pursuant to Federal Rule of Civil Procedure 60(b). He argues that the Supreme Court’s decision in Trevino v. Thaler, — U.S. -, 133 S.Ct. 1911, 185 L.Ed.2d 1044 (2013), and new evidence amount to extraordinary circumstances that justify relief under Rule 60(b)(6). But Trevino does not apply here. Trevino expanded the application of Martinez v. Ryan, 566 U.S. 1, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012), only to cases in which a claim of ineffective assistance of trial counsel could not have been made meaningfully on direct appeal. But Moore brought a claim of ineffective assistance of trial counsel on direct appeal, and the Ohio Supreme Court adjudicated that claim on the merits. We therefore AFFIRM the decision of the district court.
I.
Moore was tried and convicted in 1994. The Ohio Court of Appeals affirmed his conviction and sentences in June 1996, and the Ohio Supreme Court affirmed in February 1998. State v. Moore, 81 Ohio St.3d 22, 689 N.E.2d 1 (1998). While his first appeal was pending, Moore filed a petition for post-conviction relief in the trial court. The trial court denied the petition, and the Ohio Court of Appeals affirmed that decision. State v. Moore, No. C-970353, 1998 WL 638353 (Ohio Ct. App. Sept. 18, 1998). The Ohio Supreme Court denied review in 1999. Moore applied to reopen his appeal under Ohio R. App. P. 26(B) in September 2000, claiming that his counsel in his first appeal had been ineffective. The Ohio Court of Appeals denied the application as untimely and on the basis of res judicata. The Ohio Supreme Court affirmed that decision, holding that Moore failed to raise a genuine issue as to whether he was deprived of the effective assistance of counsel on appeal. State v. Moore, 93 Ohio St.3d 649, 758 N.E.2d 1130, 1133 (2001).
Moore filed a petition for a writ of habe-as corpus in 2000, raising twenty-five claims. After a period of discovery, the district court expanded the record to include evidence developed in that discovery, and granted relief on Claim (2)(B) — that Moore had received ineffective assistance of counsel at sentencing — and on two claims alleging improper jury instructions in the penalty phase of his trial. We affirmed the district court’s judgment in part and vacated and remanded it in part, holding that Cullen v. Pinholster, 563 U.S. 170, 131 S.Ct. 1388, 179 L.Ed.2d 557 (2011), precluded the court from considering additional evidence that Moore had introduced in the district court in support of his claim of ineffective assistance of counsel at sentencing. Moore v. Mitchell, 708 F.3d 760, 784 (6th Cir. 2013), cert. denied, — U.S. -, 134 S.Ct. 693, 187 L.Ed.2d 559 (2013). In that opinion, we *776 rejected Moore’s argument that Martinez required us to remand the case to the district court for factual development of his ineffective assistance of trial counsel claim. We held that Martinez applied “[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding,” Martinez, 132 S.Ct. at 1320, and Moore had raised on direct appeal a claim of ineffective assistance of trial counsel. Moore, 708 F.3d at 785.
In January 2014, Moore filed a motion to set aside the judgment pursuant to Federal Rule of Civil Procedure 60(b), and amended the motion in March 2014. He argued that the Supreme Court’s 2013 decision in Trevino permitted him to use newly developed evidence of ineffective assistance of post-conviction counsel to establish cause and prejudice for his failure to present evidence to support his post-conviction claim of ineffective assistance of trial counsel.
The magistrate judge found that this court’s prior decision was the law of the case, that neither Trevino nor McGuire v. Warden, Chillicothe Correctional Institution, 738 F.3d 741 (6th Cir. 2013), cert. denied, — U.S. -, 134 S.Ct. 998, 187 L.Ed.2d 847 (2014), changed that result, and that neither Trevino nor Martinez created an exception to the Pinholster limit on new evidence. The magistrate judge found.also that neither Martinez nor Trevino applied to this case because Moore did not procedurally default his claim of ineffective assistance of trial counsel. The district court adopted the magistrate judge’s findings and conclusions over Moore’s objections but granted a certificate of appealability.
II.
Federal Rule of Civil Procedure 60(b) provides grounds for relief from a final judgment for five particular reasons and “any other reason that justifies relief.” A movant seeking relief under Rule 60(b)(6) must show “extraordinary circumstances” justifying the reopening of a final judgment, and such circumstances “rarely occur” in habeas cases. Gonzalez v. Crosby, 545 U.S. 524, 535, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005). “[I]t is well established that a change in decisional law is usually not, by itself, an extraordinary circumstance meriting Rule 60(b)(6) relief.” Henness v. Bagley, 766 F.3d 550, 557 (6th Cir. 2014) (internal quotation marks and citation omitted), cert. denied, — U.S. -, 135 S.Ct. 1708, 191 L.Ed.2d 683 (2015). We review for an abuse of discretion the denial of a Rule 60(b) motion. Coyer v. HSBC Mortg. Servs., Inc., 701 F.3d 1104, 1110 (6th Cir. 2012).
“Under the doctrine of law of the case, findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation.” United States v. Moored, 38 F.3d 1419, 1421 (6th Cir. 1994). The law of the case doctrine “is not an inexorable command” but is “directed to a court’s common sense.” Hanover Ins. Co. v. Am. Eng’g Co., 105 F.3d 306, 312 (6th Cir. 1997) (internal quotations and citations omitted). “We previously have stated three reasons to reconsider a ruling: (1) where substantially different evidence is raised on subsequent trial; (2) where a subsequent contrary view of the law is decided by the controlling authority;' or (3) where a decision is clearly erroneous and would work a manifest injustice.” Id.
Moore argues that the district court abused its discretion by relying on the law of the case because Trevino permits him to use newly developed evidence of ineffective assistance of post-conviction counsel to establish cause and prejudice for his failure to present evidence in support of his post- *777 conviction claims of ineffective assistance of trial counsel. Moore contends that Trevino should apply to his case because his claim relies on evidence that is outside the record. He also contends that Ohio’s procedural scheme requires that prisoners bring their claim on collateral review when their claim of ineffective assistance of trial counsel relies on evidence outside the record. See McGuire, 738 F.3d at 752 (“[I]f ineffective assistance cases are divided into two categories, one could argue that the category requiring evidence outside the record must be brought on collateral review in order for review to be meaningful.”).
As we held in our earlier decision in this case, Martinez narrowly answered a precise question — “whether ineffective assistance in an initial-review collateral proceeding on a claim of ineffective assistance at trial may provide cause for a procedural default in a federal habeas proceeding,” 132 S.Ct. at 1315—and does not apply to Moore’s case. Moore, 708 F.3d at 784. Trevino applied Martinez to the procedural framework in Texas because that framework made it very unlikely that a defendant could raise a claim of ineffective assistance of trial counsel on direct appeal. 133 S.Ct. at 1915 (“[T]he Martinez exception applies in [a] procedural regime” in which “[t]he structure and design of [a] system in actual operation ... make it ‘virtually impossible’ for an ineffective assistance claim to be presented on direct review.” (internal citation omitted)).
In this ease, not only does Ohio’s procedural regime make it possible for Moore to present an ineffective assistance claim on direct review, Moore actually brought such a claim on direct review. As the magistrate judge stated correctly in the report and recommendation,
assuming the rule of Martinez and Trevino applies to the Ohio post-conviction system, it only permits excusing a procedural default which barred merit consideration of an ineffective assistance of trial counsel claim. That did not happen here. The Ohio Supreme Court decided Subclaim 2(B) [the ineffective assistance claim] on the merits. Moore, 708 F.3d at 785, citing Moore, [689 N.E.2d at 14]. In other words, there was no procedural default that barred a decision on the merits and thus required excusing under Martinez-Trevino.
Trevino has no effect on our prior holding that “Martinez does not address the type of situation that Moore presents here. Ohio permits ineffective assistance of trial counsel claims to be made on direct appeal, Moore raised this claim on direct appeal, and the Ohio Supreme Court rejected it on the merits. Moore, 689 N.E.2d at 13-14.” Moore, 708 F.3d at 785.
We find no abuse of discretion in the district court’s denial of Moore’s Rule 60(b) motion. This court has not yet determined whether Trevino applies to cases that arise in Ohio. See Landrum v. Anderson, 813 F.3d 330, 336 (6th Cir. 2016); Henness, 766 F.3d at 557. But we have held that neither Martinez nor Trevino, without more, provides the kind of extraordinary circumstances that would justify the'relief sought under Rule 60(b). See Landrum, 813 F.3d at 335-36; Henness, 766 F.3d at 557. In any event, neither case applies because Moore raised his claim of ineffective assistance of trial counsel on direct appeal, and that claim was adjudicated and denied on the merits by the state court. Moore did not default his ineffective assistance of counsel claim on collateral review in the state courts. Our earlier decision holding that Martinez did not apply was not clearly erroneous and would not result in manifest injustice. Trevino supplies no reason to depart from the law of the case, and there is no exception *778 to the law of the case doctrine applicable here. See Hanover Ins. Co., 105 F.3d at 312; Moored, 38 F.3d at 1421. And Pinkol-ster continues to limit our review to the evidence that was before the state court that adjudicated that claim on the merits. See Pinholster, 563 U.S. at 181-82, 131 S.Ct. 1388; Moore, 708 F.3d at 784-85.
III.
For the foregoing reasons, we AFFIRM the decision of the district court.