NOT RECOMMENDED FOR PUBLICATION
File Name:  17a0602n.06

No. 16-2601

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| MARK LASTER, | ) | |
| | ) | FILED |
| Plaintiff-Appellant, | ) | Nov 01, 2017 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | |
| | ) | ON APPEAL FROM THE |
| CITY OF KALAMAZOO, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| Defendant-Appellee. | ) | DISTRICT OF MICHIGAN |
| | ) | |

BEFORE:  COLE, Chief Judge; ROGERS and GRIFFIN, Circuit Judges.

GRIFFIN, Circuit Judge.

Plaintiff Mark Laster alleged in this Title VII retaliation case that defendant City of Kalamazoo punished him for complaints he made to the Equal Employment Opportunity Commission, but the jury returned a verdict in defendant's favor.  Plaintiff now challenges a number of the district court's rulings and comments, arguing the district court deprived him of a fair trial and also abused its discretion when it excluded certain proffered evidence.  We affirm.

I.

Laster argues the district court deprived him of a fair trial by appearing partial to defendant.  Because plaintiff failed to object during trial, we review for plain error.  *United States v. Hynes*, 467 F.3d 951, 957–58 (6th Cir. 2006).  Thus, Laster "must show (1) error (2) that was obvious or clear, (3) that affected [his] substantial rights and (4) that affected the

fairness, integrity, or public reputation of the judicial proceedings." *United States v. Wallace*, 597 F.3d 794, 802 (6th Cir. 2010).

"A judge must exhibit impartiality in demeanor as well as in actions." *United States v. Morrow*, 977 F.2d 222, 225 (6th Cir. 1992) (en banc) (internal quotation marks omitted). In other words, a judge must avoid aligning herself with one of the parties or making remarks that indicate "hostility to one of the parties." *United States v. Blood*, 435 F.3d 612, 629 (6th Cir. 2006). When the alleged misconduct occurs outside the jury's presence, the party claiming bias "must overcome a high hurdle." *Morrow*, 977 F.2d at 225.

Here, Laster contends the district court "demonstrated an appearance of partiality." But his argument is perfunctory and underdeveloped. He quotes cases involving judicial bias, but fails to explain why the district court appeared partial, let alone why any such appearance deprived him of a fair trial. "A party may not raise an issue on appeal by mentioning it in the most skeletal way, leaving the court to put flesh on its bones." *United States v. Hendrickson*, 822 F.3d 812, 829 n.10 (6th Cir. 2016) (brackets, ellipses, and internal quotation marks omitted). Thus, we consider plaintiff's argument abandoned. *See Vander Boegh v. EnergySolutions, Inc.*, 772 F.3d 1056, 1063 (6th Cir. 2014) ("perfunctory and undeveloped arguments" are abandoned).

Even had Laster presented more than cursory assertions of bias, he received a fair trial. In two prior opinions, we affirmed the district court's grant of summary judgment in favor of defendant on all but plaintiff's Title VII retaliation claim, and on nine of twelve alleged retaliatory acts. *See Laster v. City of Kalamazoo*, No. 15-1313 (6th Cir. Jan. 22, 2016); *Laster v. City of Kalamazoo*, 746 F.3d 714, 729–33 (6th Cir. 2014). By trial, all that remained were three alleged instances of retaliation.

The district court's evidentiary and non-evidentiary rulings kept plaintiff's counsel from revisiting issues on which we previously ruled that defendant was entitled to summary judgment. In this we find neither error nor an appearance of partiality. *See Moore v. Mitchell*, 848 F.3d 774, 776 (6th Cir. 2017) ("[F]indings made at one point in the litigation become the law of the case for subsequent stages of that same litigation.").

The district court's comments to plaintiff's counsel likewise did not deprive Laster of a fair trial. Most occurred outside the jury's presence—and plaintiff offers no explanation of how they created an appearance of partiality when the jury wasn't there to hear them. The district court made only two comments with the jury in the room: "[A]re you really going to waste your time on this?" and, in response to plaintiff's counsel's statement that he was almost done questioning a witness, "I wish." And the district court made one comment as the jury was coming into the courtroom: "I'm a little disappointed that you didn't point that out . . ." (based on the perception that plaintiff's counsel had failed to mention he had previously had an exhibit that defense counsel was attempting to enter into evidence, but that was missing a page).

So, on three occasions, with the jury within earshot, the district court was impolite to plaintiff's counsel. But this conduct fell well outside the scope of conduct that deprives a litigant of a fair trial. *See*, *e.g.*, *Anderson v. Sheppard*, 856 F.2d 741, 743–45 (6th Cir. 1988) (district court berated plaintiff when he asked for time to find a new lawyer and refused to give plaintiff that time; plaintiff proceeded pro se and lost); *United States v. Hickman*, 592 F.2d 931, 932, 934 (6th Cir. 1979) (district court interrupted counsel more than two hundred fifty times in one-day trial, at times with the words "objection sustained" before stating why the particular testimony was objectionable). Indeed, the conduct was less egregious than conduct that has withstood a due process challenge in the past. *See*, *e.g.*, *McMillan v. Castro*, 405 F.3d 405, 409 (6th Cir.

2005) (district court, in jury's presence, questioned the strength of the plaintiff's case).  In short, the district court did not deprive Laster of a fair trial.

## II.

Laster also argues the district court abused its discretion by excluding certain proffered evidence.  We review for an abuse of discretion.  *United States v. Mack*, 808 F.3d 1074, 1084 (6th Cir. 2015).  Under this standard, the district court receives "[b]road discretion"; "[its] decisions will not be lightly overturned." *Tompkin v. Philip Morris USA, Inc.*, 362 F.3d 882, 897 (6th Cir. 2004).  To reverse, we must be "left with a definite and firm conviction that the trial court committed a clear error of judgment." *United States v. Mack*, 159 F.3d 208, 217 (6th Cir. 1998) (citation and internal quotation marks omitted).

As a preliminary matter, plaintiff has again submitted a perfunctory, underdeveloped argument.  *See Vander Boegh*, 772 F.3d at 1063.  He argues the district court "abused [its] discretion" by excluding "several material exhibits," but fails to articulate why the district court excluded that evidence, and why its rulings were legally incorrect.

Even had Laster developed this argument, we would find no abuse of discretion.  Plaintiff challenges rulings that prevented his counsel from going beyond the scope of the case on remand.  "[F]indings made at one point in the litigation become the law of the case for subsequent stages of that same litigation." *Moore*, 848 F.3d at 776.  Thus, the district court was within its discretion to limit evidence to what was relevant to the remaining issues in the case.

## III.

For these reasons, we affirm the district court's judgment.  We dismiss as moot Laster's motion to take judicial notice.