**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3509
_____

GABRIEL ROBERT GONZALEZ,
Appellant

v.

SUPERINTENDENT HOUTZDALE SCI;
THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-09-cv-02029)
District Judge: Honorable Anita B. Brody
_____

Submitted Under Third Circuit L.A.R. 34.1(a):
January 17, 2020
_____

Before: HARDIMAN, PORTER, and PHIPPS,
*Circuit Judges.*

(Filed: February 4, 2020)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PORTER, *Circuit Judge*.

Gabriel Gonzalez appeals the District Court's an order denying his 28 U.S.C. § 2254 habeas petition. Gonzalez's counsel in his state postconviction proceedings procedurally defaulted Gonzalez's claim that his trial counsel provided ineffective assistance. A federal court ordinarily lacks jurisdiction in habeas proceedings to consider a procedurally defaulted claim. *See Davila v. Davis*, 137 S. Ct. 2058, 2064–65 (2017). Gonzalez maintains that we should excuse his procedural default under an equitable exception. We will not excuse the default, so we will affirm the District Court.

**I**

In March 2000, police arrested Gabriel Gonzalez for theft. While the police detained Gonzalez at the local precinct, they received an anonymous tip about a suspected murder of a pizza delivery man. Upon interrogation, Gonzalez confessed to the crime. Before trial, Gonzalez's trial counsel moved to suppress Gonzalez's confession. The state trial court denied the motion.

At trial, Gonzalez called three witnesses, including an attorney who met him at the police station after his interrogation. None of the witnesses testified that Gonzalez had a reputation as a peaceful, honest, or law-abiding person. At the end of trial, the jury convicted Gonzalez of second-degree murder, burglary, and possession of an instrument of crime, and he was sentenced to life imprisonment.

Gonzalez retained new counsel for his direct appeal. Under Pennsylvania procedural rules in effect at that time ("pre-*Grant* regime"), Gonzalez raised claims of ineffective assistance of trial counsel. *See Commonwealth v. Hubbard*, 372 A.2d 687, 695

2

n.6 (Pa. 1977), *overruled by Commonwealth v. Grant*, 813 A.2d 726, 738 (Pa. 2002).[1]

Gonzalez claimed that his trial counsel provided ineffective assistance by failing to call any character witnesses. On appeal, Gonzalez submitted at least twelve affidavits from various witnesses attesting to his good character. The Pennsylvania appellate court denied the claim principally because the declarants' statements "constitute[d] individual opinions" about Gonzalez's "peaceful nature and would have been inadmissible at trial." A1232. Gonzalez sought review in the Pennsylvania Supreme Court, but it denied him permission to appeal.

Gonzalez filed a pro se habeas petition under Pennsylvania's Postconviction Relief Act ("PCRA"). The PCRA court appointed counsel for him. His PCRA counsel filed an amended PCRA petition. Neither of Gonzalez's PCRA petitions raised an ineffective-assistance-of-trial-counsel claim based on the lack of character evidence introduced at trial. Gonzalez's PCRA petition failed.

Next, Gonzalez filed a pro se § 2254 petition in the District Court. The District Court eventually appointed counsel, who filed an amended § 2254 petition. Gonzalez's amended § 2254 petition tries to remedy the inadmissibility of the character-witness affidavits he submitted in support of his ineffective-assistance-of-trial-counsel claim on direct appeal.

---

[1] During the pre-*Grant* regime, a criminal defendant had to raise an ineffective-assistance-of-trial-counsel claim as soon as his ineffective counsel no longer represented him. *See Hubbard*, 372 A.2d at 695 n.6. If trial counsel served as appellate counsel, a criminal defendant could wait until a state postconviction proceeding to raise an ineffective-assistance-of-trial-counsel claim. One year after Gonzalez's direct appeal, Pennsylvania adopted a new rule. *See Grant*, 813 A.2d at 738.

Gonzalez supported his amended § 2254 petition with five affidavits obtained in 2016 from character witnesses. Four of the witnesses "provided earlier affidavits" for Gonzalez's direct appeal, but the earlier affidavits "did not state that the[ ] witnesses knew Mr. Gonzalez's reputation in the community for being peaceful, law-abiding, or honest." Appellant Br. at 16 n.4.

The District Court denied Gonzalez's § 2254 petition without considering whether the exception to procedural default established in *Martinez v. Ryan* applied. 566 U.S. 1 (2012). The Magistrate Judge's Report and Recommendation did not consider the 2016 affidavits "because they were not presented to and considered by the state court during the review of [Gonzalez's ineffective-assistance-of-trial-counsel] claim." A28 n.15. Finally, the District Court issued a certificate of appealability for Gonzalez's ineffective-assistance-of-trial-counsel claim. Gonzalez timely appealed.

**II**[2]

Gonzalez concedes that he procedurally defaulted his ineffective-assistance-of-trial-counsel claim. Appellant's Br. 25–30. Ordinarily, attorney error committed by defense counsel during state postconviction proceedings is not "cause to excuse a procedural default." *Davila*, 137 S. Ct. at 2065. This general rule is subject to a narrow equitable exception. *See Martinez*, 566 U.S. at 17. Gonzalez's appeal ultimately turns on

---

[2] The District Court had subject-matter jurisdiction under 28 U.S.C. §§ 2241, 2254. We have appellate jurisdiction under 28 U.S.C. §§ 1291, 2253. When the District Court decides a habeas petition under § 2254 based on the state-court record, we review the District Court's decision de novo. *Howell v. Superintendent Rockview SCI*, 939 F.3d 260, 263 (3d Cir. 2019).

one issue: whether the narrow equitable exception for procedurally defaulted claims established by *Martinez*—and expanded by *Trevino v. Thaler*, 569 U.S. 413 (2013)— applies to his ineffective-assistance-of-trial-counsel claim.

The *Martinez* exception has four prongs. The fourth prong—which serves as a threshold issue in Gonzalez's case—asks whether state law precluded or effectively prohibited a criminal defendant from raising an ineffective-assistance-of-trial-counsel claim on direct review. *See Davila*, 137 S. Ct. at 2065. The fourth prong covers two scenarios. First, when state law or procedures require ineffective-assistance-of-trial-counsel claims to be raised in an initial-review collateral proceeding. *Martinez*, 566 U.S. at 17. Second, when the state procedural framework's design or operation "makes it highly unlikely" that a typical defendant "will have a meaningful opportunity to raise" an ineffective-assistance-of-trial-counsel claim on direct appeal. *Trevino*, 569 U.S. at 429. Gonzalez's case does not present either scenario.

First, Pennsylvania's pre-*Grant* regime did not require Gonzalez to raise an ineffective-assistance-of-trial-counsel claim in a postconviction proceeding. *Martinez* applies when "state law requires prisoners to raise claims of ineffective assistance of trial counsel 'in an initial-review collateral proceeding,' *rather than on direct appeal*." *Davila*, 137 S. Ct. at 2065 (emphasis added) (citation omitted). Pennsylvania's pre-*Grant* regime required the opposite in Gonzalez's case. It required Gonzalez to raise his claim of ineffective assistance of trial counsel "at the earliest stage of the proceedings at which the allegedly ineffective counsel no longer represent[ed] [him]," which was the direct appeal. *See Grant*, 813 A.2d at 729. Thus, Pennsylvania law did not *require* Gonzalez to raise his

ineffective-assistance-of-trial-counsel claim in "the 'initial' review proceeding." *See Trevino*, 569 U.S. at 423 (quoting *Martinez*, 566 U.S. at 14).

Second, the design or operation of Pennsylvania's pre-*Grant* regime did not likely deprive a typical defendant of a meaningful opportunity to raise an ineffective-assistance-of-trial-counsel claim. *Trevino* extended the *Martinez* exception's fourth prong to cases in which a state prisoner could bring an ineffective-assistance-of-trial-counsel claim on direct appeal, but the "state procedural framework, by reason of its design and operation, [made] it highly unlikely in a typical case that a defendant [would] have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel." 569 U.S. at 429.

Gonzalez could—and did—raise an ineffective-assistance-of-trial-counsel claim on direct appeal. *See* A1188–91. Finding that it was "virtually impossible" for Gonzalez to raise an ineffective-assistance-of-trial-counsel claim on direct appeal would defy logic when he, in fact, raised the claim on direct appeal. *See Cox v. Horn*, 757 F.3d 113, 119 (3d Cir. 2014) (quoting *Trevino*, 569 U.S. at 417).

At least one other circuit court of appeals has found that the *Martinez* exception does not apply when a defendant brought an ineffective-assistance-of-trial-counsel claim on direct appeal. *See Moore v. Mitchell*, 848 F.3d 774, 777 (6th Cir. 2017) (declining to consider *Trevino* because "not only does Ohio's procedural regime make it possible for [a criminal defendant] to present an [ineffective-assistance-of-trial-counsel] claim on direct review, [this criminal defendant] *actually brought* such a claim on direct review." (emphasis added)).

6

Gonzalez does not show that, in a typical case, raising an ineffective-assistance-of-trial-counsel claim on direct appeal in the pre-*Grant* scheme was "virtually impossible." *See Cox*, 757 F.3d at 119 (quoting *Trevino*, 569 U.S. at 417). He points out that the Pennsylvania Supreme Court acknowledged the difficulties imposed on appellate counsel by requiring them to raise ineffective assistance of trial counsel claims on direct appeal. But a difficult process is not a "virtually impossible" one.

And *Trevino*'s reasoning does not apply to Pennsylvania's pre-*Grant* regime. In *Trevino*, the Supreme Court analyzed several factors to find that Texas's scheme for ineffective-assistance-of-trial-counsel claims on direct appeal deprived a criminal defendant of a meaningful opportunity to bring such claims. The factors included: procedural rules for developing a record of trial counsel's ineffectiveness; the state appellate court's preference for ineffective-assistance-of-trial-counsel claims to be raised in collateral proceedings; the practice of the state's defense counsel; and procedures for raising an ineffective-assistance-of-trial-counsel claim on direct appeal. *Trevino*, 569 U.S. at 424–27. Gonzalez does not show that these factors were present in Pennsylvania's pre-*Grant* regime—much less that it is "highly unlikely" in a "typical case" that a defendant's ineffective-assistance-of-trial-counsel claim would receive meaningful review.[3]

---

[3] For example, a state procedural framework may preclude meaningful review if, because of time constraints, appellate counsel cannot gather affidavits to support an ineffective-assistance-of-trial-counsel claim. But, here, Gonzalez's appellate counsel obtained at least twelve character-witness affidavits. He just failed to draft them in a way that would make them admissible.

Ultimately, Gonzalez does not argue that he was *precluded* from raising an ineffective-assistance-of-trial-counsel claim. Rather, Gonzalez seems intent to "turn *Martinez* into a route to circumvent [*Cullen v. Pinholster*, 563 U.S. 170 (2011)]"—which limits § 2254 review to the state-court record—and to receive permission "to obtain new facts to challenge" the state court's "rejection of his [ineffective-assistance-of-trial-counsel] claim." *See Moore v. Mitchell*, 708 F.3d 760, 785 (6th Cir. 2013). In particular, he wants to introduce new character evidence—i.e., the 2016 affidavits.

Under Pennsylvania's pre-*Grant* regime, Gonzalez raised an ineffective-assistance-of-trial-counsel claim on direct appeal. The claim failed, in part, because his appellate counsel inartfully drafted the character witness affidavits. The poorly drafted witness affidavits—and not Pennsylvania's procedural scheme—foreclosed Gonzalez's ineffective-assistance-of-trial-counsel claim on direct appeal. Because state law did not "explicitly or effectively foreclose[ ] review of the claim on direct appeal," the *Martinez* exception for procedurally defaulted claims does not apply. *See Davila*, 137 S. Ct. at 2066.

\* \* \*

The District Court properly denied Gonzalez's § 2254 habeas petition. We will affirm the District Court's order.

---

And regardless of the poor drafting, Gonzalez's appellate counsel knew to bring the ineffective-assistance-of-trial-counsel claim on direct appeal. *Cf. Trevino*, 569 U.S. at 426–27 (discussing the defense bar's practices under Texas's scheme). This shows that, at the least, Gonzalez's appellate counsel did not believe that raising the ineffective-assistance-of-trial-counsel claim on direct appeal under the pre-*Grant* regime was "virtually impossible." *See Cox*, 757 F.3d at 119 (quoting *Trevino*, 569 U.S. at 417).