NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0495n.06

Nos. 11-3005/20-3429

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| JERONIQUE D. CUNNINGHAM, | ) | **FILED** |
|  | ) | Aug 24, 2020 |
| Petitioner-Appellant, | ) | DEBORAH S. HUNT, Clerk |
|  | ) |  |
| v. | ) | O R D E R |
|  | ) |  |
| TIM SHOOP, Warden, | ) |  |
|  | ) |  |
| Respondent-Appellee. | ) |  |

BEFORE: MERRITT, MOORE, and WHITE, Circuit Judges.

Jeronique D. Cunningham, an Ohio prisoner under sentence of death, appeals from a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254(d). The case is now pending before this court for review of Cunningham's application for an expanded certificate of appealability (COA). The warden has filed a response to Cunningham's application.

In 2006, Cunningham filed his § 2254(d) petition, alleging fourteen grounds for relief. The district court dismissed his petition as meritless. *Cunningham v. Hudson*, No. 3:06CV0167, 2010 WL 5092705 (N.D. Ohio Dec. 7, 2010). In Cunningham's subsequent appeal, this court granted him a COA for the following issues: (1) whether the presence of a biased juror deprived Cunningham of a fair trial; (2) whether the trial court improperly restricted his ability to question venire members during voir dire; (3) whether the trial court failed to instruct the jury that it must determine Cunningham's personal culpability before imposing a death sentence; (4) whether the prosecution improperly failed to disclose witness statements; (5) whether the prosecution made improper closing arguments during the trial's guilt and sentencing stages; (6) whether his counsel

rendered ineffective assistance by not sufficiently investigating and presenting mitigating evidence; and (7) whether counsel rendered ineffective assistance by not investigating, obtaining, and using ballistic evidence. This court subsequently vacated the district court's judgment denying Cunningham's § 2254 petition and remanded for consideration of whether his petition should be stayed while he litigated an unexhausted juror-bias claim in the Ohio state courts. *See Cunningham v. Hudson*, 756 F.3d 477, 479 (6th Cir. 2014) (per curiam). Upon remand, the district court stayed the case and held it in abeyance while Cunningham exhausted his juror-bias claim. *Cunningham v. Hudson*, No. 3:06 CV 0167, 2014 WL 5341703 (N.D. Ohio Oct. 20, 2014).

After exhausting the claim in state court, Cunningham returned to federal court and filed an amended habeas petition. Upon review, the district court denied his petition, but the court did grant Cunningham a COA for his juror-bias claim. *Cunningham v. Shoop*, No. 3:06 CV 167, 2019 WL 6897003 (N.D. Ohio Dec. 18, 2019). In this subsequent appeal (No. 20-3429), this court granted Cunningham's motion to reinstate his prior appeal (No. 11-3005) and consolidate the two appeals. *Cunningham v. Shoop*, No. 11-3005, 2020 WL 4334039 (6th Cir. July 28, 2020). Cunningham now applies to this court, seeking an expanded COA for one additional issue: whether the state trial court violated his rights under the Confrontation and Due Process Clauses by not allowing Cunningham to review prior statements from trial witnesses.

Under 28 U.S.C. § 2253(c)(1)(A), this court will grant a COA for an issue raised in a § 2254 petition only if the petitioner has made a substantial showing of the denial of a federal constitutional right. A petitioner satisfies this standard by demonstrating that reasonable jurists "could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327, 336 (2003)); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a claim is denied on procedural grounds, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would

find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

We deny Cunningham a COA for his claim because this court previously has determined that it did not warrant a COA. In No. 11-3005, Cunningham requested a COA for this claim, but we denied his request. While Cunningham now seeks a COA for the same claim, our prior denial of a COA for the issue became the law of the case, binding in subsequent stages of the litigation. *See Dillingham v. Jenkins*, No. 17-3813, 2017 WL 5438882, at *1 (6th Cir. Nov. 8, 2017). The law of the case doctrine may not preclude reconsideration of a ruling if: (1) substantially different evidence is raised on subsequent trial; (2) a subsequent contrary view of the law is decided by controlling authority; or (3) a decision is clearly erroneous and would work a manifest injustice. *Moore v. Mitchell*, 848 F.3d 774, 776 (6th Cir. 2017).

Cunningham implies that the second prong applies to his petition. In particular, he suggests that the Supreme Court's decisions in *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Trevino v. Thaler*, 569 U.S. 413 (2013), should add something new to our assessment of whether to grant the COA. These cases were indeed decided after the district court initially denied Cunningham's habeas petition and after we declined to grant a COA as to Claim III. But *Martinez* and *Trevino* are not relevant here. Those two cases stand for the proposition that "lack of counsel on collateral review might excuse defendant's state-law procedural default" of an ineffective-assistance-of-trial-counsel (IATC) claim. *Trevino*, 569 U.S. at 417 (discussing *Martinez*, 566 U.S. at 17). Thus, the *Martinez*/*Trevino* exception saves IATC-based habeas claims from procedural default if the petitioner can show that collateral-review counsel was also ineffective. But this is simply not at issue in Claim III of Cunningham's habeas petition. He acknowledges that he "raised this claim under the rubric of [ ] ineffective assistance of counsel . . . , and the state court ruled on the merits of that claim," Pet. for COA at 10, meaning that his ineffective-assistance claim has not been barred by state-law procedural default. Thus, the *Martinez* and *Trevino* cases are irrelevant here.

Cunningham has not shown that either of the other two exceptions to the law-of-the-case doctrine apply in this case.

Accordingly, we **DENY** Cunningham's application for an expanded COA.

ENTERED BY ORDER OF THE COURT

_____

Deborah S. Hunt, Clerk